Magill
*v.*
Hinsdale.

—◦✦◦—

## Warner *against* Southworth.

Where a party, having made a ditch six feet wide through his land, conveyed a part of such land, bounding the grantee *on* the ditch, it was held, that the grant extended to the centre of the ditch.

In such case, the ditch is to be treated as a common fence, subject to be repaired by either party, preserving its width.

But in making repairs, one party has not by law a right to break and dig up the ground four feet from the centre on to the other's land, throwing on to his own land, as a bank, the earth so dug up.

This was an action of trespass *quare clausum fregit ;* tried, on the general issue, at *Middletown, August* term, 1826, before *Lanman,* J.

In 1811, the plaintiff owned the lot described in his declaration, and the land adjoining thereto on the *South,* now owned by the defendant.  The plaintiff threw up a bank, and sunk a ditch, across the land, for his own accommodation, and for a division between the *North* and *South* lots.  The ditch he made about six feet wide, throwing the earth on the *North* side of it. Afterwards, in 1811, he sold the *South* lot to *Edward A. Leet,* bounding it *North* on the ditch ; and the same land the defendant now holds, by mesne conveyances from *Leet,* bounding it in the same manner.

The plaintiff offered evidence in support of his declaration, and claimed to have proved, that the defendant, at the time mentioned, dug out the earth more than four feet from the centre of the ditch, and filled up the same, on the *South* side of it, to a height not exceeding the height of the defendant's land adjoining ; that he also straightened the ditch, leaving the bank on the plaintiff's land, as well after as before the acts complained of.

The judge charged the jury, that by the conveyances, the defendant owned the land to the centre of the ditch ; that where no division had been made, as in this case, the ditch was the common fence of both proprietors, and each had a right to

Warner
*v.*
Southworth.

repair it, when decayed, for the common benefit of both lots, in a reasonable manner, according to the rules of good husbandry, but not to dig more than four feet from the centre line, throwing and laying the bank, on his own land; and that they would accordingly find for the plaintiff or defendant, as the facts were proved, being guided by these principles of law.

The jury returned a verdict for the defendant; and the plaintiff moved for a new trial, for a misdirection.

*Sherman* and *Hungerford,* in support of the motion, contended, 1. That the centre of the ditch—*i. e.* the excavation, was not the dividing line. When the common fence between two proprietors of land, is a ditch, it consists of two parts, the excavation and the bank. The latter is to be on the land of the party making the ditch, and the former on the land of the other party. The room allowed for the excavation is four feet. This is to be wholly on the land of the other party, as an equivalent for the bank's being on the land of the party making the ditch. *Stat.* 213. *tit.* 33. *s.* 2. The dividing line, then, is not in the centre, but on that side or edge of the excavation, which is next to the bank. If the centre of the excavation is the dividing line, it may be varied as often as a new ditch is made; because as the party making the new ditch will have a right to go four feet on to the other's land, the centre of the new ditch will not coincide with the centre of the old one. A strip of land two feet wide may thus be gained, at each operation. But if the side or edge of the ditch is taken for the dividing line, the new ditch must be made where the old one was, and the dividing line will remain unaltered. Besides, this will have the advantage of being a definite, visible boundary.

Thus far, this point has been considered as governed by the statute. But admit that the statute has no bearing on it; how does the case then stand? The plaintiff had made, for his own accommodation, a ditch through his own land, six feet wide. He sold his land *South* of this ditch, bounding the grantee *on* the ditch. Does this carry him to the centre? The ditch was not a natural stream of water; nor does it appear that there was any water there. The law relating to *water-courses,* is founded on principles peculiar to that species of property, not applicable to a strip of *dug land.*

2. That if the defendant owned the land to the centre of the ditch, still he had no right to go four feet upon the plaintiff's

land, and dig up the earth, and with it fill up his own side of the ditch. This is the case, which the motion discloses. At common law, a man has no right to go at all upon his neighbour's land, to make or repair a fence. The defendant can justify his proceeding, by virtue of the statute alone; and the statute must be pursued strictly. If the statute authorized the defendant to dig a ditch on the plaintiff's land, he laying the bank upon his own land, it did not authorize him to dig up the plaintiff's soil, to *fill up* his own side of the ditch, the bank being on the plaintiff's land. For this purpose, he could, neither by statute nor common law, touch the plaintiff's soil. But the jury, under the charge, might find the defendant *not guilty,* if he did not dig more than four feet on the plaintiff's land.

3. That whether the defendant acted reasonably, or according to the rules of good husbandry, afforded no proper criterion for settling the question, whether the defendant was guilty, or not guilty, of the trespass complained of.

4. That the whole charge was too general, and not adapted to the case.

*N. Smith* and *Waite,* contra, contended, 1. That the charge was correct in regard to the effect of the deed. Where land is conveyed, and the grantee is bounded *on* a stream of water not navigable, a highway, a stone-wall or a ditch, he takes to the centre. *Angell on Water-courses* 3. 213. Before the conveyance, the ditch was the fence, which separated the plaintiff's *North* lot from his *South* lot. After the conveyance, the ditch was the common fence between the two adjoining proprietors. Was it not the intention of the parties, and fit in itself, that this common fence should be owned by these proprietors equally? If it was to be repaired, or made anew, would it not be subject to the same provisions of law as any other common fence between adjoining proprietors?

2. That the plaintiff had no reason to complain of the charge with respect to the manner of repairing the ditch in question. From the nature of the case, a party must be allowed to go as far upon the land of the adjoining proprietor to *repair* as to *make* a fence; and this, in the case of a ditch, the statute fixes at *four feet.* The law does not determine the width or depth of the ditch; when repairs are necessary; nor how they shall be made. With respect to these things, the only rule that can be laid down, is, that the party making the repairs must con-

*Middlesex,*
July,
1827.

Warner
*v.*
Southworth.

duct *in a reasonable manner, according to the rules of good hus-bandry, laying the bank on his own land.* This was the rule given in the charge; and the jury have found, that the defendant did so conduct But if the judge imposed greater restrictions upon the defendant than the law requires, the plaintiff has not, on that account, any cause of complaint.

DAGGETT, J. Two objections are made to the charge. 1. That by the conveyance, the *North* line of the defendant was not the centre of the ditch. To this it is answered, that where a conveyance is made bounding on a river not navigable, the grantee owns to the centre of the river. *Carter* & al v. *Murcot* & al. 4 *Burr.* 2162. 2164. *Adams* v. *Pease,* 2 *Conn. Rep.* 481. *Bissell* v. *Southworth,* ✿ *Root* 269. 1 *Swift's Dig.* 109. *Angell on Water-courses* 213. There is no doubt, that had this been a river, such is the law; and if it be considered as a common fence, as I suppose it to be, the law is the same. Doubtless had the boundary line been a stone-wall six feet in width at the bottom, the grant would have extended to the centre of it. This grant, by analogy, should be so construed. The charge, then, upon this point, is correct.

2. It is objected, that under the circumstances of this case, the defendant could not break and dig up the ground four feet from the centre on to the plaintiff's land, throwing on to his own land as a bank (for so the charge should be understood) the earth so dug. This objection is, in my opinion, well founded. The statute (*tit.* 33. *p.* 213.) in the 2nd section, directs how adjoining proprietors shall enclose their land in severalty, and how far each may go in erecting his part of the fence, on the land of the other; and it provides, that "four feet shall be allowed for a ditch from the dividing line; provided the party making the ditch shall lay the bank on his own land." It had, in the former part of the section, provided for other fences. It here treats a ditch as a common fence; and such, undoubtedly, is the true construction of the act: but in this case, the ditch, where the defendant became an adjoining proprietor, was six feet wide. The defendant's grant carries him to the centre of the ditch. Can he, then, dig four feet from that centre on to the plaintiff's land, throwing the contents dug out, on to his own land, and thereby making to himself meadow of the earth from the plaintiff's land? I think not. The statute only provides for a ditch of four feet wide. This ditch, by the charge,

may be narrowed, by the defendant, to four feet in width ; and, of course, in another part of this ditch or fence, the plaintiff may narrow it, in like manner.   Such collisions could not have been in the contemplation of the statute.   If this ditch be not narrowed, by agreement between the parties, it must remain subject to be repaired, by either party, preserving its width ; and in that case, the defendant cannot go *North* more than three feet.

*Middlesex,*
*July,*
*1827.*

Warner
*v.*
Southworth.

I would, therefore, advise, that a new trial be granted.

The other Judges were of the same opinion, except that PETERS, J. was inclined to think, that the deed bounding the grantee *on* the ditch, gave him no title beyond the *South* side of it ; the law regarding water-courses not being applicable to this case.

New trial to be granted.