[Flewellen et al. v. Crane.]

# Flewellen *et al. v.* Crane.

### Bill in Equity to Vacate a Fraudulent Conveyance.

1. *Fraudulent conveyance; right to proceed at law; when will not interfere with right to proceed in equity.*—Because a judgment creditor, may at law, proceed to sell under execution, lands which his debtor has fraudulently aliened, and the purchaser may, in ejectment, recover them of the fraudulent donee, the existence of such rights does not interfere with the right to resort to equity for the vacation of a fraudulent conveyance as an obstacle in the way of the full enforcement of the judgment, and a cloud on the title to the property.

2. *Fraud; allegations of; demurrer.*—Fraud is a conclusion of law from facts stated and proved. When it is pleaded at law, or in equity, the facts out of which it is supposed to arise must be stated, a mere general averment is insufficient upon which to pronounce judgment. A demurrer to such pleading is not a confession of the fraud; for a demurrer confesses only the matters of fact which are well pleaded, and not conclusions or inferences of law or fact.

3. *Preference for particular creditor by insolvent debtor.*—The bill presents a case of preference for a particular creditor by an insolvent debtor, the effect of which is to disappoint all other creditors. It was competent for the debtor to confer, and for the creditor to accept such preference.

4. *Reversal though no objection made below.*—This court has repeatedly held that a decree founded on a bill which does not aver facts, authorizing the court to grant relief, will be reversed on error, though no objection may have been interposed in the primary court.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. N. S. GRAHAM.

The bill in this cause was filed by Angeline Crane, appellee, a married woman suing by her next friend. The bill charges that on the 12th of January, 1875, said Crane obtained judgment against Enos R. Flewellen, one of the appellees, on a promissory note due Jan. 1st, 1871, upon which execution duly issued and was executed by levying upon certain land of said Flewellen, which lands were offered for sale but were not sold, there being no bidders. After said suit was commenced, the said Flewellen conveyed by deed to his wife, the said land. That at the time of said conveyance, the said Flewellen was insolvent and had no other property besides the said land subject to the payment of his debts, and such deed was, in effect, a general assignment; and said Flewellen here had no property other than said land upon which execution could be levied. That said deed was fraudulent and void as against pre-existing creditors, and that said deed was made with intent to hinder, delay, or defraud his creditors, and that said deed is a cloud upon the title of said land, and so operated on the day the sheriff

| | |
|---|---|
| 58 | 627 |
| 93 | 372 |
| 93 | 552 |
| 58 | 627 |
| 94 | 320 |
| 58 | 627 |
| 96 | 476 |
| 97 | 494 |
| 58 | 627 |
| 100 | 152 |
| 58 | 627 |
| 103 | 222 |
| 58 | 627 |
| 114 | 642 |
| 58 | 627 |
| 116 | 228 |
| 58 | 627 |
| 123 | 638 |
| 125 | 614 |
| 58 | 627 |
| 126 | 160 |
| 58 | 627 |
| 131 | 90 |
| 58 | 627 |
| 135 | 570 |
| 58 | 627 |
| 140 | 377 |

offered the same for sale; that said judgment is entirely unsatisfied. The bill concludes with a prayer that on the final hearing the Chancellor will decree that such deed was fraudulent and void as to the debt of complaintant, and set aside and annul the same; and for general relief.

Defendant demurred to the bill, 1st, because the complainant has an adequate remedy at law; 2d, because the bill shows upon its face that the lands described therein are subject to levy and sale under the execution, and the complainant could become the purchaser, and as such purchaser could maintain action of ejectment for said land against defendant; that the deed is void for fraud and can create no cloud upon the title which this court can be called upon to remove; that said deed being void for fraud can be attacked at law for that reason, when offered in evidence to defeat an action of ejectment by the purchaser of said lands at sheriff's sale under complainant's execution; 3d, because there is no equity in the bill, being no cloud on the title; there being an adequate remedy at law, and the Chancery Court having no jurisdiction to grant relief upon the allegations of the bill.

The demurrer was overruled, and such overruling is now, among other things, assigned as error.

SHORTER & McKLEROY, and THOS. H. WATTS, for appellants.

G. L. COMER, contra.

No briefs came to Reporter.

BRICKELL, C. J.—1. A judgment creditor may, at law, proceed to the sale under execution of lands which his debtor has fraudulently aliened; and the purchaser may, in ejectment, recover them of the fraudulent donee.—*Carter v. Castleberry*, 5 Ala. 277. But the existence of this right does not interfere with the right to resort to a court of equity for the vacation of the fraudulent conveyance, as an obstacle in the way of the full enforcement of the judgment, and a cloud on the title to the property.—*P. & M. Bank v. Walker*, 7 Ala. 926; *Dargan v. Waring*, 11 Ala. 988. The grounds of demurrer assigned were, consequently, not well taken, if the bill discloses a case for equitable relief.

2. The conveyance sought to be vacated is exhibited with the bill, and on its face recites that it is made in payment of twenty thousand dollars, due from the grantor to the grantee. The averments of the bill are, that the grantor was insolvent at the time of its execution; and that it conveyed all his

[Flewellen et al. v. Crane.]

property which was subject to levy and sale; and that it is "fraudulent and void as against pre-existing creditors," and was "made with intent to hinder, delay, or defraud said creditors." It is now insisted that these averments are insufficient to support the decree vacating the deed—that there is no averment impeaching the *bona fides* or sufficiency of the consideration expressed in it; no averment that the debt was not real, and the conveyance accepted in payment of it; no averment that there was any secret trust for the grantor, and no averment of any fact which authorizes the mere conclusion, stated in the bill, that the conveyance is fraudulent. Fraud is a conclusion of law from facts stated and proved. When it is pleaded, at law, or in equity, the facts out of which it is supposed to arise must be stated: a mere general averment, without such facts, is not sufficient. The court cannot, on such averment, pronounce judgment.—*Kinder v. Macey*, 7 Cal. 206; *Catchings v. Manlove*, 39 Miss. 667; *Clay v. Dennis*, 3 Ala. 375; *Bryan v. Spruill*, 4 Jones, Eq. 27; Story's Eq. Pl. § 251 *a*. A demurrer to such pleading is not a confession of the fraud; for a demurrer confesses only the matters of fact which are well pleaded, and not conclusions or inferences of law or fact.—1 Dan. Ch. Pr. 545.

3. The case presented by the bill, then, is that of a preference of a particular creditor by an insolvent debtor, the effect of which is to disappoint all other creditors. It was competent for the debtor to confer, and for the creditor to accept such preference.

4. It has been repeatedly adjudged in this court, that a decree, founded on a bill which does not aver facts authorizing the court to grant relief, will be reversed on error, though no objection may have been interposed in the Court of Chancery. A complainant must by his bill make out his title to relief. The decree is founded on it; and if, so far from making out a title to relief, the bill discloses that he has no right, the decree cannot be supported.—1 Brickell's Digest, 731, § 1343.

Let the decree be reversed, and the cause remanded.