# Lake *v.* Security Loan Association.

*Bill in Equity by Mortgagor for Redemption and Account.*

1. *Argumentative allegations.*—Argumentative allegations in a bill are objectionable.

2. *Allegations of misrepresentations not showing fraud.*—In a bill filed by a stockholder in an incorporated building and loan association, asking an account and redemption under a mortgage which he had executed to the association, averments in these words, "Your orator's purpose in obtaining said shares of stock in the outset was to enable him to borrow the money, and not as an investment in the stock, and this purpose was well known to the officers of said company; and orator was moved to borrow the money, and pay this $75 per month, by the statements and calculations made by said officers, and given to him, that this stock would be worth $200 per share after the one-hundredth installment was paid in, and he became a shareholder by the purchase of stock for the above purpose, and under the foregoing representations,"—show only the expression of an opinion or judgment on a matter which was equally open to both parties, and do not amount to a charge of fraud or willful misrepresentation.

3. *Transcript; copy of opinion on former appeal.*—On a second appeal in a chancery cause, the copy of the former opinion of this court, which was certified to the lower court for its guidance, should not be included in the transcript; and if included, no costs will be allowed for it.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon JOHN A. FOSTER.

The original bill in this case was filed on the 5th January, 1882, by Thomas H. Lake, against the Security Loan Association, a domestic corporation organized under the general statute (Code, §§ 1937-43) in June, 1873; and sought an account and redemption under a mortgage, which the complainant had executed to secure a loan made to him by the associa-

[Lake v. Security Loan Association.]

tion, and to enjoin a sale of the mortgaged property under a power in the mortgage. Copies of the constitution, or declaration of incorporation, and of the by-laws of the association, were made exhibits to the bill. It was provided by the constitution, among other things, that each stockholder or shareholder should pay one dollar per share, by monthly installments, until the amount paid in, with interest and premiums on loans, should make each share worth $200, but with a proviso that not more than one hundred installments should be required; and that each stockholder should be entitled to borrow from the association $200 on each share held by him, by bidding the highest premium on loans at any regular monthly meeting, and sesuring the loan by a mortgage on real estate, subject to the provisions of the constitution and by-laws. The complainant acquired or purchased twenty-five shares of stock in the association, and procured a loan of $5,000 on them, at a premium which required him to pay $50 per month, in addition to his regular monthly installments of $25, or one dollar per share; and he executed a mortgage to the association, on the 5th April, 1876, to secure the payment of this loan as required by the articles of association. The complainant continued to make his monthly payments, until November, 1881, when he claimed that only about $400 was due on his debt, which he offered to pay; while the association insisted that the amount due was about $1,100, and advertised the property for sale under the mortgage. On the filing of the bill, an injunction was granted and issued as prayed. An answer under oath was filed by the association, and also by its president, who was joined with it as a defendant; and a motion was afterwards submitted to dissolve the injunction, and to dismiss the bill for want of equity. The chancellor overruled this motion, and also overruled a demurrer to the bill for want of equity; but his decree was reversed by this court on appeal, at the last term, and the cause was remanded, as shown by the report of the case (69 Ala. 456), where the material facts are stated at greater length.

After the remandment of the cause, the complainant filed an amended bill, in which he insisted that the by-laws of the association were inconsistent with the articles of incorporation, in that they contemplated a continuance of the membership "until the anticipated value of $200 per share has in fact been attained, when, as he apprehends, no such result can ever be attained, and hence no end to the demands of $50 per month;" claimed the right to withdraw, and have his loan cancelled, on the terms which he had offered, and which, as he insisted, were in accordance with the constitution of the association; alleged that the accounts were complicated, and that, on a proper accounting, he was not indebted in a greater sum than he had

offered to pay. The opinion of this court renders it unnecessary to state these, or any other allegations of the amended bill, at length. The chancellor held that the amendments did not obviate the objections taken to the bill on the former appeal, and therefore sustained a demurrer to the bill as amended, on numerous grounds specifically assigned; and his decree is now assigned as error.

JAMES COBBS, for appellant.

H. PILLANS, *contra.*

STONE, J.—Most of the questions raised by the amended bill were considered and decided by us, when this case was before us at a former term.—*Security Loan Association v. Lake*, 69 Ala. 456. We will not repeat what we then said. The frame of the amended bill is objectionable, in that it is, in large degree, argumentative.

One clause in the amendment seeks to raise a question not sufficiently charged in the original bill, and hence not considered on the former hearing. Its language is: "Your orator shows that the purpose of obtaining the 20 [25?] shares of stock in the outset was to enable him to borrow the money, and not as an investment in the stock, and that this purpose was well known to the officers of the company; and that orator was moved to borrow the money, and pay this $75 per month, by the statements and calculations made by the officers, and given him, that this stock would be worth $200 per share after the 100th installment was paid in, and he became a stockholder by purchase of the stock for the above purpose, and under the foregoing representations." This was, at most, the expression of an opinion or judgment, on a matter which, it would seem, was equally open to both parties. No willful misrepresentation is charged, nor does it appear that any representation of fact was made. The charge is wholly insufficient to justify relief.—2 Brick. Dig. 14, §§ 16, 21. The decree of the chancellor, dissolving the injunction, must be affirmed.

We feel it our duty to call attention to an irregularity disclosed in the the transcript we have been considering. On the former appeal in this case, the decree of the chancellor was reversed; and, pursuant to the statute in such cases, a copy of our opinion thus rendered was certified to the court below, for its guidance. In the present transcript that copy-opinion has been re-certified back to us, thus making it a part of the present transcript, and very materially swelling its volume. That copy-opinion was no part of the record, and should not have been

embodied in this transcript. The register is entitled to no compensation for that part of the transcript, and none is allowed him.

Affirmed.