[Street Railway Co. v. Rand and Moore.]

# Sheffield & Tuscumbia Street Railway Co. *v.* Rand; Same *v.* Moore.

*Bills in Equity for Injunctions against Railroad on Public Common.*

1. *Public common; rights of co-terminous proprietors.*—A public common, laid off and dedicated to the public use of a city or town to which it is adjacent, is not governed by the rules of law which apply to public streets and highways. The owner of a lot or parcel of land abutting on it, outside the limits of the city or town, can not enjoin the construction of a railroad upon or across it, by permission of the corporate authorities, although it may obstruct travel or other communication between his place and the city or town.

2. *Demurrer; admits what.*—A demurrer to a bill, like a decree *pro confesso*, admits every material averment of fact that is well pleaded; but it does not admit the soundness of arguments, nor the legal conclusions which may be asserted by the pleader.

APPEALS from the Chancery Court of Colbert.

Heard before the Hon. THOS. COBBS.

In these cases, two bills were filed against the Sheffield & Tuscumbia Street Railway Company, a private corporation, and the city of Tuscumbia, a municipal corporation; one on the 1st July, 1887, by E. P. Rand; and the other on the 16th July, 1887, by J. B. Moore. The object and purpose of each bill was to enjoin and prevent the further construction of its road by said private corporation, under permission granted by an ordinance of the city of Tuscumbia, upon and across a public common, which lies outside of the city of Tuscumbia, and which is abutted on the north by the lands owned and occupied by the complainants; and to compel said private corporation to fill up the excavations already made, level the embankments, and restore the surface of the land to its former condition. In each case, the complainant claimed and alleged that the proposed railroad was an injury to his property, for which no compensation had been made or tendered, and would be a private nuisance, if operated by steam-engines as proposed; and in the case of Rand, an injunction was asked and granted on the filing of the bill. In each case, the defendants demurred to the bill, for want of equity; and the appeals are sued out from interlocutory decrees overruling the demurrers.

[Street Railway Co. v. Rand and Moore.]

THOS. R. ROULHAC, J. T. KIRK, and J. H. NATHAN, for appellants.—The complainants in these cases are not citizens of Tuscumbia, but each owns lands outside of the corporate limits, which abut on the public common, and to which he has a title derived from the United States government. The common was dedicated to the use of the citizens of Tuscumbia; and a person who resides beyond the city limits, whether one mile or ten miles, can assert no rights in or to it. The patents under which complainants assert title, were issued after the dedication of the common, and conferred no right or interest in any lands beyond the boundaries of the subdivision specified. The rule which applies to a conveyance of land abutting on a street or highway, and which holds the grantee, in some cases, entitled to the fee to the center of the street, has no application to the facts here shown.—*Bates v. Railroad Co.*, 1 Black, U. S. 204; *Walker v. Smith*, 2 Penn. St. 43; *Younkin v. Cowan*, 34 Penn. St. 198; *Hall v. Tanner*, 4 Penn. St. 244; *White v. Godfrey*, 97 Mass. 472; *Dunham v. Williams*, 37 N. Y. 251; *Falls v. Reis*, 74 Penn. St. 439; *Insurance Co. v. Stevens*, 87 N. Y. 287; *Brainard v. Railroad Co.*, 12 Gray, 410; *Church v. Meeker*, 34 Conn. 426; *Railroad Co. v. Heisel*, 38 Mich. 62; 2 Ohio St. 107; 6 Yerger, 498; 1 Ired. L. (N. C.) 194; 59 Amer. Rep. 303; Dill. Mun. Corp., §§ 644–46.

J. B. MOORE, with R. C. BRICKELL, and JAS. JACKSON, *contra.*—The public common is a highway, and was dedicated to public uses, by the United States, more than sixty years ago.—*Tuscumbia v. Lindsay*, 46 Ala. 581. The common surrounds the city on all sides, and its use can not be limited to residents of the city which is inclosed by it. The complainants' lands abut this public common, or public highway; and each of them, for the purposes of this suit, owns to the center of the highway.—2 Dill. Mun. Corp., § 663; *Perry v. Railroad Co.*, 55 Ala. 424. The common being dedicated to public use as a highway, the municipal authorities could not divert it from that use, nor impose a new servitude upon it, inconsistent with the original dedication; nor could they grant a right or franchise to a private corporation, in the use of this highway, which would work injury to the complainants or their property, without first making just compensation.—2 Dill. Mun. Corp., §§ 703, 712, 724; *Townsend v. City Council*, 80 Ala. 489; *Smith v. Inge*, 8 Ala. 283; *Craig v. Railroad Co.*, 14 Wisc. 609; *Stanley v. Davenport*,

54 Iowa, 463; 16 N. Y. 97; 24 N. Y. 658; 25 N. Y. 526; 47 N. Y. 150; 25 Wend. 462; 41 Cal. 256; 17 Minn. 215; 21 Mo. 580; 16 Wisc. 640; 4 Cush. Mass. 63; 17 N. J. Eq. 75; 24 N. J. Law, 592; 7 Wall. 272; 10 Wall. 504; 73 Geo. 428; 67 Iowa, 568; 16 Neb. 272; 63 Texas, 467; Mills on Eminent Domain, § 205; 82 Mo. 124. If the municipal authorities of Tuscumbia had authority to grant this franchise to a private corporation, it could not be exercised without making compensation to persons injured by its exercise.—*Townsend v. City Council*, 80 Ala. 489. Under the allegations of the bills, which are admitted by the demurrer, the street railway is a private nuisance, and the complainants are entitled to injunction against it.—1 High's Inj. §§ 589, 635; 14 Gray, Mass. 93; 2 *Ib.* 54; 4 *Ib.* 22; 5 McL. 425.

STONE, C. J.—These two cases are substantially alike in all their material facts.

Many years ago a town was laid off by survey, containing lots, streets, and a common. The streets and common were dedicated in the usual way; the lots were sold to private purchasers, the town built up, and it is now the incorporated city of Tuscumbia, having a municipal government with mayor and aldermen. Under an act of Congress, the town-site was selected before the sale of the public lands in that part of the State. The survey and sub-divisions of the land into lots, the location and dedication of the streets and common, and the sale of the lots, were done by commissioners appointed for the purpose. The original sale of the lots as town lots, was made by the Government of the United States. It is not shown for what special use or purpose the common was withheld from sale and dedicated; but it has remained an open, uninclosed common ever since, apparently without improvement, or ornamentation. It stretches across the northern part of the tract selected for the town-site, and extends to its northern boundary.

The lands adjoining the tract selected for the town-site were sold by the government to private purchasers, and the two complainants, Moore and Rand, own separate lots or parcels, extending to, and adjoining said town-site, on the northern boundary of the common. Whether the survey and sale of the lots, or the government sale of the lands owned by Moore and Rand, was prior in point of time, is not shown.

The corporation known as the Sheffield and Tuscumbia Railroad Company, proposing to construct and operate a

dummy-line of railway from one place to the other, has obtained the consent of the city council of Tuscumbia, authorizing it to run its road across said common, and in front of said properties owned by Moore and Rand. The charge is, that the route selected and graded runs across the common from east to west, on a line thirty or forty feet from, and south of the south boundary-line of said lots. It is averred that, in grading said part of its route, the railroad corporation has changed the surface of the ground, by excavating a part of the distance, and by an embankment over another part, so deep and high as to obstruct and hinder travel to and from the city, except by a circuitous and longer route.

The foregoing are, in substance, the averments of fact found in each of the bills.

On these averred facts, Moore and Rand filed their separate bills against the railroad company and the city of Tuscumbia, praying that the former be enjoined from constructing its road on the bed as graded, and that it be required to restore the grade to its normal surface. Injunctions were awarded; and on demurrer, the chancellor, in his decretal order, refused to dissolve the injunctions, and left them of force. From those decretal orders the present appeals are prosecuted.

The theory of the bills, as disclosed in their averments, and in the arguments of counsel, is, that the lands of complainants being co-terminous with the public common, they, like the owners of lots abutting on public streets or highways, have such right to, and ownership in the soil of the common, extending to its center, as authorizes them to become actors in a suit to prevent its use in such a manner as to hinder or obstruct access to, or egress from their ajacent properties. This doctrine does obtain in reference to public streets and highways.—*C. & W. Railway Co. v. Witherow*, 82 Ala. 190; 1 Wait's Ac. & Def., 708-9; 3 Washb. Real Prop. (5th Ed.), 448 *et seq.*; Tiedman's Real Prop. § 837; 3 Wait's Ac. & Def. 6-7; *Bradford v. Gressey*, 45 Me. 9; *Woodman v. Spencer*, 54 N. H. 507; *Warner v. Southworth*, 6 Conn. 471; *Perry v. N. O., M. & Chat. R. R. Co.*, 55 Ala. 413; Washb. Easements, 112 *et seq.*

The rule, however, is entirely different, when applied to the ownership of land attingent to a public common. The purpose for which such dedication is made, the use or changing uses to which it may be applied, and many other dis-

[Street Railway Co. v. Rand and Moore.]

tinguishing characteristics, demonstrate that neither the rule, nor the reason of the rule on which the law of the street or highway rests, can be made applicable to a public common. The differences will naturally suggest themselves, and we need not attempt their enumeration. The principles can be gathered from the subjoined authorities. Nor has the general public any right or authority over a public common. It is appurtenant, not to the general public, but to the community for whose use or enjoyment it was dedicated. It is appurtenant to residence, and to property-ownership within the territorial area, or within the city, town, village or hamlet, whose foundation or growth it was intended to promote. The lands, in whose right the servitude is claimed in these cases, not being shown to be within the city, nor within the area contemplated in the dedication, the complainants show no right whatever to maintain these suits.—3 Bla. Com. 296; 3 Wait's Ac. & Def., 704 *et seq.*; *Ib.* 121; 1 Washb. Real Prop. (5th Ed.), 49 *et seq.*; Washb. Easements, 676 *et seq.;* 3 Kent's Com. 404; Tiedman's Real Prop. §§ 592-3; *Wellington v. Peters*, 16 Pick. 87; *Com. v. Rush*, 14 Penn. St. 186; *Langley v. Gallipolis*, 2 Ohio St. 107; *Comm'rs of Bath v. Boyd*, 1 Ired. Law, 194; *Rowan v. Town of Portland*, 8 B. Monr. 233; *Leftwitch v. Mayor*, 14 La. An. 152; *City of Winona v. Huff*, 11 Min. 119; *Anderson v. R., L. & N. R. R. Co.*, 9 How. Pr. Rep. 553.

The complainants show no greater right to use or easement in the common, than they could assert if it were a private estate, adjoining them in the same way. They could not object, if it were entirely closed.

A demurrer to a bill, or decree *pro confesso*, admits every material averment of fact that is well pleaded; but it does not admit the soundness of arguments, nor the legal conclusions that may be asserted by the pleader.—*Lake v. Security Loan Asso.*, 72 Ala. 207; *Flewellen v. Crane*, 58 Ala. 627.

The decrees of the chancellor are reversed, and decrees here rendered, sustaining the demurrers to the bills for want of equity; and in the case of E. P. Rand, dissolving the injunction for the same reason. The decrees appealed from being interlocutory, the cases are still pending in the court below. This opinion will be certified to the Chancery Court, as a guide for further proceedings in that court.

Reversed and remanded.