# Manning v. Pippen.

*Bill in Equity for Cancellation of Deed on ground of Fraud.*

1. *Demurrer as admission.*—A demurrer is an admission of every fact and intent which is sufficiently averred, and it admits no more.

2. *Conveyance by husband to wife.*—A conveyance of land by the husband to the wife directly, executed prior to the 28th February, 1887, when the statute now of force became operative (Code, §§ 2341–56), did not convey a legal title on which she, or her heirs, could then maintain an action at law; but they may maintain such action since that date, on the title acquired by a deed executed before its passage.

3. *Statute of frauds; how taken advantage of.*—The benefit of the statute of frauds, as a defense in equity, can not be claimed by demurrer, unless the bill affirmatively shows that the contract or promise sued on was within its provisions, and was not in writing.

4. *Promise to make will.*—A promise to make a will, in consideration of a deed presently executed by the promisee to the promisor, is supported by a valuable consideration, and is valid and binding, unless assailed on some other sufficient ground.

5. *Same; trust enforced against married woman, in nature of specific performance.*—A promise by a married woman, in consideration of the execution of a conveyance of a tract of land to her by her husband, to make a will giving him one-third of her property, including the lands, though supported by a sufficient consideration, can not be specifically enforced in equity after her death; yet a court of equity will entertain a bill in the nature of specific performance, and enforce a trust on the lands to the extent of the promised testamentary interest, or on other lands held by the wife as an equitable estate, but not on her statutory estate.

6. *Same; statute of limitations.*—A right of action for the breach of a promise to make a will does not accrue until the death of the promisor, since he has all of his life-time within which to comply; and the statute of limitations does not begin to until his death.

7. *Parol evidence as to consideration of deed.*—When the consideration recited in a deed is the present payment of money, parol evidence is admissible to show that the real consideration was the promise of the grantee to execute a will in favor of the grantor, each of said considerations being valuable.

8. *Statute of frauds, as to promise to make will.*—A verbal promise to make a will devising land to the promisee, in consideration of his present conveyance of the land to the promisor, is void under the statute of frauds (Code, § 1732.)

9. *Fraudulent promise to make will.*—If a person procures the execution of a conveyance of land, by promising to make a will in favor of the grantor, having at the time the intention not to do so, and dies intestate, the fraud will vitiate the transaction, and a court of equity will cancel the conveyance on timely application.

APPEAL from the Chancery Court of Pickens.
Tried before the Hon. THOS. W. COLEMAN.

[Manning v. Pippen.]

The bill in this case was filed on the 9th May, 1887, by David Manning, against Mrs. Minnie F. Pippen and others, heirs at law of his deceased wife, Mrs. Mattie C. Manning, by a former marriage; and sought (1) an injunction of an action at law, which Mrs. Pippen had instituted against him to recover a large tract of land, (2) a cancellation of the conveyance under which she asserted title to the land, and (3) general relief. The deed sought to be cancelled was a conveyance of said tract of land by the complainant to his said wife, executed, as the bill alleged, under the following circumstances: "The said Mattie C. became very importunate, and beset your orator, who had no children of his own, that he should convey said tract of land to her, promising, if he would do so, that she, as a consideration for such conveyance, would thereupon make and execute her last will and testament, by which she would bequeath and devise to your orator one-third of all her property, including said land, and the other two-thirds to her said two children; and your orator, then and there relying solely and faithfully upon the consideration aforesaid proposed by his said wife (that she would at once make and execute her will making provision for your orator, as she promised and agreed to do), and for the sake of peace and quiet in the family, was induced to, and did make and execute his deed of conveyance of said land to his said wife, on or about the 31st July, 1871; and although the said deed recites a different and valuable consideration, yet the recital was wholly untrue, and the only consideration for said deed was, as aforesaid, that the said Mattie C. was to make her will, and thereby bequeath to your orator one-third of her entire property, including one-third of said tract of land," &c. The bill alleged, also, the complainant's repeated requests to his wife for the fulfillment of her promise, and her repeated postponements on various pretexts, until her death, intestate, in April, 1884. The prayer of the bill was, that the action at law be perpetually enjoined; "that the said Minnie F. be required to bring into this court the said deed of conveyance for said land, executed by your orator as aforesaid, that the same may be cancelled and removed as a cloud upon your orator's title to said tract of land; and for such other and further general relief as your orator may show himself entitled to receive in the premises, in consequence of the failure of the consideration upon which his said deed of conveyance was founded, and which, as your

orator is advised, nullifies and renders the same of no effect, and should be so declared by this court."

The defendants submitted a motion to dismiss the bill for want of equity, "because it seeks to vacate said deed of conveyance by showing a consideration other and different from the consideration recited in said deed, and to establish a failure of such alleged other consideration;" and they also demurred to the bill for want of equity on the same ground, and on the additional ground "that said bill seeks to vacate complainant's own deed, and fails to show that it was obtained by fraud, duress, or other unlawful means, but shows that it was voluntarily executed for a valuable consideration expressed therein." The chancellor sustained the motion and the demurrer, but gave the complainant leave to amend; and the bill was then amended by adding these averments: "Complainant avers that the said Mattie C., at the time she made said promise, well knew that it was not her intention to make such will, but she resorted to this promise as an artifice to induce your orator to make said deed, with no intention of complying therewith; and the fact that it was her intention at the time not to comply with her said promise to make such will, and that she was employing a mere stratagem, and the evidence of such intention, did not become known to your orator until since he filed his original bill in this case, though he made repeated and diligent inquiry in reference thereto, never suspecting fraud." It was alleged, also, that Mrs. Pippen, when she instituted her action at law, "well knew that the said instrument of writing, on which she predicated her right, was obtained from your orator by artifice and fraud as aforesaid."

The defendants demurred to the bill as amended, on the same grounds as before, and the following additional grounds: (1) because it fails to show any misrepresentation of facts or circumstances made by said Mattie C. to induce complainant to execute said deed; (2) because it shows a breach of promise by said Mattie C. to make a will, and her intention to break the promise at the time it was made is immaterial; (3) because the amendment does not change the legal effect of the original bill; (4) because the bill as amended shows that complainant executed said deed voluntarily, with knowledge of all the facts, and without any false or fraudulent representation of the facts, and he now seeks to avoid the deed on allegations as to the grantee's intentions. The chancellor sustained the demurrer, and dis-

[Manning v. Pippen.]

missed the bill for want of equity; and his decree is here assigned as error.

L. M. STONE, M. L. STANSEL, and WATTS & SON, for the appellant.—(1.) When a deed recites the payment of money as its consideration, any other valuable consideration may be shown by parol.—*Ramsey v. Young*, 69 Ala. 157; *Wilkinson v. Tillman*, 66 Ala. 532; *Davis v. Snider*, 70 Ala. 315; *Stringfellow v. Ivie*, 73 Ala. 209; *Foster v. Napier*, 74 Ala. 373; *Thweatt v. McLeod*, 56 Ala. 375; *Kennedy v. Kennedy*, 2 Ala. 571; *Berry v. Sowell*, 72 Ala. 14; 34 Ala. 596; 12 Ala. 834; 35 Ala. 628; *Corbin v. Sistrunk*, 19 Ala. 203; 22 Ala. 370; 37 Ala. 392, 651; 41 Ala. 187. (2.) That the promise to make a will is a valuable consideration, see *Bolman v. Overall*, 80 Ala. 451; *Patterson v. Patterson*, 13 Johns. 379; *Jacobson v. LaGrange*, 3 Johns. 199; *Bell v. Hewitt*, 24 Ind. 280; *Johnson v. Hubbell*, 66 Amer. Dec. 773-84, note; *Caviness v. Rushton*, 101 Ind. 500; 51 Amer. Rep. 759. (3.) The complainant was entitled to a cancellation of the deed on the averments of the original bill, because the facts stated amount to a fraud in law.—*Kennedy v. Kennedy*, 2 Ala. 571; *Douthitt v. Appelegate*, 33 Kans. 395; *Reid v. Burns*, 13 Ohio St. 46; *Johnson v. Hubbell*, 2 Stockt. N. J. Eq. 332; 16 Nebr. 543; *Anderson v. Cameron*, 63 Miss. 114; *Weller v. Weller*, 44 Hun, N. Y. 172; 24 So. Car. 1; 69 Ala. 486; 47 Ala. 413; 1 Story's Eq. § 246. The amended bill contains express allegations of fraud. (4.) Although a married woman can not bind herself personally, nor her statutory estate, she may bind her equitable estate, such as she acquired under the conveyance here sought to be set aside; and she may acquire an estate upon conditions which will bind the land itself.—*Marks v. Cowles*, 53 Ala. 499; *Smith v. Carson*, 56 Ala. 456; *Strong v. Waddell*, 56 Ala. 471; *Haygood v. Marlowe*, 51 Ala. 478; *Sterrett v. Coleman*, 57 Ala. 172; *Peacock v. McMillan*, 57 Ala. 127; 78 Ala. 372; 66 Ala. 476. (5.) The contract is not within the statute of frauds.—7 Amer. Rep. 100; 3 Johns. 199; 13 Johns. 379; 26 Wisc. 637; Bish. Contr. § 544. (6.) The statute of limitations did not begin to run against the complainant until the death of his wife.—*Bolman v. Overall*, 80 Ala. 451; 34 Ala. 418; 7 Amer. Rep. 100; 3 Johns. 199; 13 Johns. 379.

[Manning v. Pippen.]

CALDWELL & JOHNSTON, *contra.*—(1.) If the complainant is entitled to any relief, it is by a bill to enforce a trust on the land, in the nature of a bill for specific performance. *Bolman v. Overall*, 80 Ala. 451; *Johnson v. Hubbell*, 10 N. J. Eq. 343. (2.) But the wife's promise was executory, and she was then forbidden by statute to make any contract with her husband.

STONE, C. J.—This case was finally decided on demurrer to the bill as amended. A demurrer is an admission of the truth of every fact and intent which is sufficiently averred, and it admits no more.—*Lake v. Security Loan Asso.*, 72 Ala. 207; *Flewellen v. Crane*, 58 Ala. 627; *Street Railway Co. v. Rand*, 83 Ala. 294.

One of the purposes of the present bill is, to enjoin a suit at law for the recovery of a tract of land, instituted by Mrs. Pippen in July, 1886. If the averments of the bill be true, Mrs. Pippen's ejectment suit is founded on an alleged inheritance from her mother, and the mother's title rests on a deed to the lands made by the said David Manning directly to her, at a time when the relation of husband and wife subsisted between them. Commenced, as this suit was, in July, 1886, the deed from the husband directly to the wife did not vest a legal title in her, and, as a consequence, the action of ejectment founded on such title could not be maintained. *McMillan v. Peacock*, 57 Ala. 127; *Helmetay v. Frank*, 61 Ala. 67; *Warren v. Jones*, 68 Ala. 449; *Powe v. McLeod*, 76 Ala. 101; *Maxwell v. Grace*, 85 Ala. 577.

If the suit had been brought after February 28, 1887, when the new statute defining the rights of married women was approved, the action could have been maintained on the title averred.—*Maxwell v. Grace, supra.*

The original bill avers that the complainant, Manning, intermarried with Mrs. Atkinson in 1868; that she had, at the time of her marriage, two minor or infant children; and that Minnie, now a married woman, is one of them. The other, a son, has since died, leaving a widow and two infant children. The bill further avers that, in 1871, he, the said David, made to his wife a deed to said lands, being induced to do so by the earnest solicitations and importunities of his wife; she promising in consideration therefor, and as an inducement thereto, to make and execute her will, and therein bequeath and devise to him one-third of her estate, including said lands; and that in consideration of this promise on her

part, he did execute a deed, conveying the lands to her. The bill further avers that Mrs. Manning died in 1884, without complying with her promise, and without making any will. The bill avers that the deed to the wife recites a valuable consideration, which is not true as stated. The true consideration, it avers, was the promise of the wife to make her will, and therein provide for the husband as is stated above. It is not stated whether or not her said promise to make a will was in writing. In this state of the pleading, we can not assume that Mrs. Manning's promise was simply oral, and pronounce absolutely on the sufficiency of the averments to take the case without the influence of the statute of frauds. To authorize that defense to be raised by demurrer, the bill must show affirmatively that the contract or promise declared on was not in writing.—*Bromberg v. Heyer*, 69 Ala. 25; *Phillips v. Adams*, 70 Ala. 373.

Treating the case, then, as if Mrs. Manning's alleged promise to make a will was in writing subscribed by her, the question arises, under what conditions, and to what extent, is such promise binding? Pretermitting for the present her disability on account of coverture, the authorities are overwhelming, and rest on the soundest basis, that such a promise, supported by a valuable consideration, is valid and binding, unless assailed on some other sufficient ground.—*Bolman v. Overall*, 80 Ala. 451; 2 Stockt. Ch. (N. J.) 332; s. c., 66 Amer. Dec. 773, and note containing citation of authorities, p. 784; *Caviness v. Rushton*, 101 Ind. 500; s. c., 51 Am. Rep. 759.

The case made by the present bill is, that relying on the said promise of Mrs. Manning to make the alleged will, he, the complainant, conveyed to her the land in controversy, and she died the owner of it. If this be true, Mrs. Manning's coverture is no bar to any appropriate relief that can be carved out of the land thus conveyed. The land being acquired on the faith of such promise, equity will charge it with a trust, in the nature of unpaid purchase-money, for the indemnification of the vendor, to the extent he has suffered from her breach of promise.—*Marks v. Cowles*, 53 Ala. 499; *Moore v. Worthy*, 56 Ala. 103; *Sterrett v. Coleman*, 57 Ala. 172; *Norman v. Harrington*, 62 Ala. 107; *Carver v. Eads*, 65 Ala. 190.

The promise of Mrs. Manning being only to make a will, she had her life-time to do it in; and there was no actionable breach, until she died without having complied with her

promise. It follows, that the statute of limitations did not begin to run until her death. It opposes no bar in this case, if the complainant is otherwise entitled to relief.—*Bolman v. Lohman*, 80 Ala. 451.

If the agreement was such as is set up in the bill, then the conveyance of land made by complainant to his wife was a valuable consideration, which would uphold and bind her promise to make the alleged will; and her promise was a valuable consideration on which his deed to her was executed. This, if true, takes the transaction without the category of a voluntary conveyance, or gift by the husband to his wife, and constitutes it a deed of bargain and sale on valuable consideration. The consideration of the deed, being on its face valuable, that clause was open to parol proof of any other valuable consideration, because such proof would not change the legal effect of the conveyance as a muniment of title. The promise of the wife, if made, was a valuable consideration, and there is no incompatibility between it and any other valuable consideration which the deed may recite.—*McGehee v. Rump*, 37 Ala. 651; *M. & M. Railway Co. v. Wilkinson*, 72 Ala. 286; *Stringfellow v. Ivie*, 73 Ala. 209.

The court of chancery being without power to compel the execution of a will, specific execution of the agreement could at no time have been enforced. But the complainant is not without remedy. True, if Mrs. Manning had property other than the land, her promise, she being a married woman, could not bind it, unless it was an equitable estate. Having acquired the land, however, on the faith and consideration of the promise she made, chancery will seize upon it, fasten a trust upon it as for unpaid purchase-money, and, as far as its value will extend, will secure to the complainant what he lost by his wife's failure to keep her promise.

The third of the land can be secured to him in kind. If, at her death, she possessed other property, or property interests, which would have enured to him under the will, if made as per alleged agreement, then, as far as the residue of the land will furnish the means, this should be made good to him.

In what we have said above, we have treated this case as if Mrs. Manning's agreement to make a will in the terms alleged was in writing, and signed by her. Presented as the question is, we are bound to so treat it. The demurrer, alike to the original and amended bill, ought to have been overruled.

[Manning v. Pippen.]

It is possible, if not probable, that Mrs. Manning's promise to make a will was oral; and if so, when the case returns to the Chancery Court, it will be necessary to consider it in the light of the statute of frauds. To prevent its returning upon us in that aspect, we will declare rules for the guidance of the chancellor.

The bill and its amendment present the question we are approaching in two phases: First, as a mere promise, in consideration of the deed, to make the alleged will, and a breach of that promise. The second phase, shown in the amendment, charges that, when Mrs. Manning made and utilized her promise to make a will, as an inducement to the execution of the deed, of which it thereby became the alleged consideration, she did it with the fraudulent intent not to comply with her promise, and that she carried that intent into execution, by persistently refusing to comply, until her death rendered a compliance impossible. These phases of the question depend on different principles.

If we treat the alleged promise of Mrs. Manning as simply a contract to receive and hold the land, in express trust to compensate the grantor by making the averred compensatory will, then, such promise would be inoperative under the statute of frauds.—*Patton v. Beecher*, 62 Ala. 579; *White v. Farley*, 81 Ala. 563.

The amended bill presents a different question. If there was a fraudulent intent in obtaining the deed, without intention to make the will, and pursuant to it the will was not made, then the question of the statute of frauds becomes immaterial. The fraud will vitiate the transaction, and remit the complainant to the rights he had before the execution of the deed. And the conduct of the wife after the execution of the deed may be looked to, as aids in determining what her intention was when she obtained the deed. Equity, in such case, and to accomplish its ends, declares the grantee to be a trustee *ex maleficio*, and devests the title for the fraud in acquiring it.—*White v. Farley, supra;* 1 Pom. Eq. § 430; 2 *Ib.* §§ 807, 1053 *et seq.*

Another question may arise in the further progress of this case, but it is surrounded with difficulties. We will not consider it, unless it becomes necessary.—*Rakes v. Pope*, 7 Ala. 161; Browne's Stat. Frauds, § 117, and notes; *Shindler v. Houston*, 49 Amer. Dec., note, 326–327; *Christy v. Barnhart*, 53 Amer. Dec., note, 540–541; *Coyle v. Davis*, 20 Wis. 564; *McClellan v. Sanford*, 26 Wis. 595.

Reversed and remanded.