# Dickerson et. al. *v.* Winslow.

| 97 | 491 |
| 107 | 248 |

*Bill to Set Aside Sale under Mortgage.*

1. *Demurrer must set forth objections specially.*—The rulings of the court on demurrer to a bill in equity are confined to the particular causes assigned, and no ground not specifically assigned, can be considered.

2. *Sufficiency of averments in bill to set aside mortgage sale and cancel mortgage*—When a bill filed by the widow and heirs at law of a decedent, avers that the widow and some of the heirs executed a mortgage on the lands of the decedent, which had been purchased at a sale under the power by the mortgagee, and that the mortgage debt had been paid before the sale, and praying for a cancellation of the mortgage as a cloud on the title, it is not necessary to aver a tender of the price bid at the mortgage sale.

3. *Erroneous conclusions of law not subject of demurrer.*—The alienation by a widow of her dower interest before its assignment to her, though inoperative in a court of law, is valid in a court of equity, and the averment in a bill that such alienation .rendered invalid a mortgage executed by her and two of the heirs at law of her deceased husband, conveying lands in which she had a right of dower, is an erroneous conclusion of law, not admitted by a demurrer; properly rejected as surplusage.

APPEAL from Butler Chancery Court.

Heard before Hon. JOHN A FOSTER.

Bill by Sarah Dickerson and others, widow and heirs at law of James Dickerson, deceased, against W. A. Winslow and W. W. Wilkerson, to set aside a sale made under the power in certain mortgages and to cancel the mortgages and for account. The averments of the bill and the grounds of demurrer are sufficiently set forth in the opinion.

J. C. RICHARDSON, for appellants, cited Story Eq. Pl. Sec. 448; *Powers v. Andrews,* 84 Ala. 290.

GAMBLE & POWELL, for appellees, insisted that the first ground of demurrer was rightfully sustained, citing *Mewburne v. Bass,* 82 Ala. 622; *Powers v. Andrews,* 84 Ala. 289; *Cramer v. Cohen,* 73 Ala. 127; *Posey v. Pressley,* 60 Ala. 243; as to second ground: *Curry v. Peeples,* 83. Ala. 225; *Lehman v. Meyer,* 67 Ala. 396; *Moog v. Talcott,* 72 Ala. 210; 3 Brick. Dig. pp. 378–9.

[Dickerson, et al. v. Winslow.]

COLEMAN, J.—The facts averred in the bill, show that James Dickerson being seized and possessed of certain lands described in the bill, died on April 9th, 1865. He left surviving him, Sarah F. Dickerson, his widow, and four children, to-wit: Preston C., Thomas J., Sallie and Bettie. Bettie died in the year 1882, intestate, without issue. Sallie died October, 1887, leaving three children, to-wit: Lottie Hall, Bettie Hall, and Fannie Hall, minors, who sue by their next friend Sarah F. Dickerson.

Preston C. Dickerson died in June, 1889, leaving a minor child, Bettie, who sues by her next friend Sarah F. Dickerson.

The bill shows that no administration has been had on the estate of James Dickerson, the husband and father, from whom the lands descended, that he owed no debts at the time of his death, that the widow's dower has never been allotted, and that the widow, children, and grandchildren have resided continuously on the land since his death. The bill shows the execution of various joint mortgages by the widow, and the two sons, Preston C. and Thos. J. Dickerson, to W. W. Wilkerson, a foreclosure under a power of sale contained in the mortgage, and the purchase of the land at the foreclosure sale by the defendant Winslow for and on account of the mortgagee, Wilkerson.

The bill avers the payment and satisfaction of each and every debt secured by the several mortgages before the foreclosure but alleges that the mortgagee refuses to surrender and cancel the mortgages, and that he holds the legal title to the land.

The purpose of the bill, is for an account, the cancellation of the several mortgages, and the deed of conveyance to the purchaser at the foreclosure sale, as a cloud upon their title, and if any balance of the mortgage debts should be found due upon the statement of the account the bill prays that the foreclosure sale be set aside upon the grounds that the mortgagee became the purchaser at his own sale, and that complainants be let in to redeem, they offering to pay whatever may be found to be due on a reference.

The bill contains other allegations which we deem unnecessary to state or consider as they are not raised at this time by the pleadings. The defendant Winslow filed an answer, and also demurred to the bill, and the other defendants adopted both his answer and demurrer. The chancellor sustained the demurrer and the complainants appealed from this decree.

Section 3443 Code declares that, "A demurrer must set forth the grounds specially, and otherwise must not be

heard." Construing this section in the *P. & M. Mutual Ins. Co. v. Selma Savings Bank*, 63 Ala. 595, this court declared that the "court is confined to the particular cause assigned; and though there may be other good and sufficient causes, apparent, the demurrer must be sustained only in the cause particularly assigned."—3 Brick. Dig. p. 387, § 364; *Allen v. Allen*, 80 Ala. 154.

Whatever defects may be apparent in the bill, only the causes assigned as grounds of demurrer can be considered. The first is, that the "averments of the bill show a regular and valid foreclosure of the mortgage and purchase of the property by the defendant Wilkerson, and a failure to tender the purchase money or delivery of possession of the land to the purchaser."

The averment of the bill is, "at which sale said Wilkerson became the purchaser through one W. A. Winslow, who now claims said lands under said purchase for Wilkerson; that said Winslow, in truth, purchased for said Wilkerson, and holds them for him," &c. Moreover the bill does not seek to enforce the statutory right of redemption which requires a surrender of possession and a tender of the purchase money. There is nothing in the bill upon which to predicate this assignment as cause for a demurrer.

The second assignment goes to the whole bill, and is based upon the proposition that the bill is filed in a double aspect, and the relief sought is based upon antagonistic rights which cannot be united in one bill.—*Cramer v. Watson*, 73 Ala. 127; *Micou v. Ashurst*, 55 Ala. 607; *Globe Co. v. Thatcher*, 87 Ala. 458. The proposition is correct but is not applicable to the bill.

A demurrer admits the truth of facts properly pleaded, but does not admit erroneous conclusions of law asserted by the pleader. The assignment or conveyance by a widow of her dower interest for a valuable consideration before it is allotted or set apart to her, though inoperative in a court of law, is valid and binding upon her in a court of equity. *Wilkerson v. Brandon*, 92 Ala. 530; *Reeves v. Brooks*, 80 Ala. 26. There can be no question that Preston C. Dickerson and Thos. J. Dickerson owned an interest in the lands, which they could convey by mortgage after they became of age. The facts averred in the bill show the execution of mortgages by the widow Sarah F. Dickerson which are good against her in a court of equity, and those made by Preston C. and Thos. J. Dickerson are valid at law or equity. The averment of the pleader that the mortgages were invalid as to all the grantors, because the widow had no alienable

interest in the lands, were mere conclusions of the pleader, not authorized by the facts, and not admitted to be correct by the demurrer, and may be rejected as surplusage.—*Flewellen v. Crane*, 58 Ala. 627 ; *Manning v. Pippen*, 86 Ala. 357 : *Sheffield St. Railway Co. v. Rand*, 83 Ala. 294.

A bill is not demurrable for multifariousness or as seeking different relief upon rights antagonistic to each other, which alleges that the mortgage debt was paid before the foreclosure of the mortgage under a power of sale, and ask that the mortgage and deed be cancelled, and at the same time ask that the foreclosure sale be set aside upon the grounds, that the mortgagee became the purchaser at his own sale, and seeks to be let in to redeem, if any balance should be found to be due on the mortgage debt. Either or both aspects of such a bill present equitable grounds of relief, and are of such a character that they may be united in one bill.—*Sanders v. Askew*, 79 Ala. 433; *Ib.* 84 Ala. 356 ; *Amer. F. Land. M. Co. v. Turner*, 95 Ala. 272 ; *Mortg. Co. v. Sewell*, 92 Ala. 168.

We have only considered the special causes of demurrer to the bill. It may be that the proof will show that Winslow purchased in his own right, and it may be upon the statement of the account that there will be found a balance due upon the mortgage debt and that the power of foreclosure was properly exercised.—See *Sanders v. Askew, supra.* It may be well for the complainants to consider in this connection, another principle of equity pleading, that unless all the complainants to the bill, when submitted for final decree are entitled to relief, no relief can be granted.—*Brewer v. Browne*, 68 Ala. 215 ; *Taylor v. Robinson*, 69 Ala. 269 ; 3 Brick. Dig. 373, § 88.

It does not appear from the bill that Sallie, the mother of the three minors, Lottie, Bettie and Fannie Hall, was a party to any of the mortgages against which relief is sought by the bill. We merely refer to this fact so that the interest of these minors may not be unnecessarily jeopardized by the pleadings and proof which may be adduced in the further prosecution of the case.

Reversed and remanded.