# Tubb v. Liverpool & London & Globe Insurance Co.

*Action on an Insurance Policy.*

|106 651|
|119 448|
|106 651|
|128 481|
|106 651|
|131 376|

1. *Insurance; false swearing to vitiate the policy must be done knowingly and willfully.*—Where it is provided in a policy of insurance that the entire policy shall be void if the insured swears falsely touching any matter relating to said insurance or the subject thereof, either before or after a loss, the false swearing provided against in the policy, and which will work an avoidance or forfeiture of the insurance, must be knowingly or willfully done with a fraudulent purpose, since an innocent mistake, mistatement or over-valuation will not invalidate the policy, and a plea to an action on such policy which alleges that the insured swore falsely about the property · insured and as to its value, but does not aver that he did so knowingly and willfully, does not set up a defense to the action, and is demurrable.

2. *Same when policy is partly written and partly printed, the written portion must control in case of repugnancy.*—In construing a policy of insurance which is partly written and partly printed, if there is any repugnancy in the written and printed stipulations or provisions, the written stipulations must control and overcome the printed provisions, since the writing will be presumed to express the understanding and agreement of the parties at the time the contract was actually made, while the printed portion of the policy is intended for general use and only embodies the general term upon which insurance is made in the absence of special agreement.

3. *Same; same; case at bar.*—Where a policy of insurance issued upon a stock of goods in a country store contains a printed stipulation that the entire policy shall be void if benzine or fireworks are· kept in said store, but it also contains a written provision that the policy was issued upon a stock of goods, "such as is usually kept for sale in country stores," the written provision overcomes the force of

the printed condition ; and if benzine and fireworks form a part of a stock of goods, such as is usually kept in country stores, the keeping of them by the insured is not a violation of the conditions of the policy; and in an action on such policy it is permissible to introduce evidence to show that such articles are usually kept in country stores.

APPEAL from Circuit Court of Walker.

Tried before the Hon. JAMES J BANKS.

This action was brought on July 29, 1893, by the appellant, G. T. Tubb, against the appellee, the Liverpool & London & Globe Insurance Company, to recover, as recited in the complaint, "the value of a stock of general merchandise, such as is usually kept for sale in country stores, which the defendant, on the 8th day of April, 1893, insured against losses or injury by fire, and other perils, in a policy of insurance mentioned, for the term of one year, which stock of general merchandise was wholly destroyed by fire on the 28th day of April, 1893." The defendant pleaded several pleas, among which were the following : "Third. For further answer to the said complaint, the defendant says that in and by the terms of said policy, it is provided in substance and made a condition thereof that the entire policy shall be void, if there be kept, used or allowed on the premises described therein benzine ; and defendant avers that there was a breach of said condition, for that the plaintiff did keep, use or allow benzine on said premises during the existence of said policy ; and defendant avers that by the terms of the said policy it is also provided in substance and made a condition thereof, that the policy should be null and void, if any kerosene oil, whether crude or refined, except refined kerosene for lights, or gunpowder were stored, used, kept or allowed on the premises, unless with the permission of the defendant indorsed on the policy, and defendant avers that by an indorse menton the policy the plaintiff was allowed to keep in his store two barrels of kerosene oil of not less than U. S. standard of 110 degrees, and fifty pounds of gunpowder.

"Fourth. For further answer to said complaint, the defendant says that in and by the terms of said policy it is provided, in substance and made a condition thereof, that the entire policy shall be void if there be kept, used or allowed on the premises described therein

fire-works, and defendant avers that there was a breach of said condition, for that the plaintiff did keep, use or allow fire-works on said premises during the existence of said policy ; and defendant avers that by the terms of said policy it is also provided in substance and made a condition thereof that the policy should be null and void if any kerosene oil, whether crude or refined, except refined kerosene oil for lights, or gunpowder were stored, used, kept or allowed on the premises, unless with the permission of the defendant, indorsed on the policy, and the defendant avers that by an indorsement on the policy the plaintiff was allowed to keep in his store two barrels of kerosene oil of not less than U. S. standard of 110 degrees, and fifty pounds of gunpowder." "Tenth. For further answer to said complaint, the defendant says that in and by said policy it is provided in substance that the entire policy shall be void in case of any false swearing by the insured touching any matter relating to said insurance or the subject thereof, whether before or after a loss, and defendant avers that after the loss of the said stock of merchandise, the plaintiff falsely swore that the cash value of the goods which was the subject of the insurance was three thousand, six hundred and fifty dollars ($3,650) and also falsely swore that the value of said stock of merchandise was three thousand, nine hundred and twenty-eight and 64-100 dollars ($3,928.64), on the 23d day of January, 1893, and also falsely swore that he had never taken but one inventory of said stock of merchandise." To the tenth plea, the plaintiff demurred on the grounds, 1st, that it fails to allege that the false swearing charged therein was made with the intent to defraud, or was intentionally false ; 2d ; that it fails to allege that the matters about which the swearing was done, were material. To the third plea, the defendant replied as follows : 1st, That at the time the fire originated, which destroyed the property insured, there was no benzine kept, used or allowed on the premises. 2d. That in the policy of insurance sued on, the defendant insured the plaintiff's stock of general merchandise, "such as is usually kept for sale in country stores ;" and that benzine was a part of plaintiff's stock of general merchandise, and was usually kept for sale in country stores. 3d. That the provisions mentioned in said plea regarding benzine was printed,

and that by a provision of said contract of insurance sued on, which provision was partly printed and partly written, the defendant insured plaintiff's stock of general merchandise, "such as is usually kept for sale in country stores;" and that benzine was a part of his stock of general merchandise, and was usually kept in a stock of general merchandise such as is usually kept for sale in country stores. To the fourth plea the plaintiff filed the following replications: 1st. That at the time the fire originated which destroyed the property insured, there were no fire-works used, allowed or kept in the premises. 2d. That in the contract of insurance sued on, the defendant insured the plaintiff's stock of merchandise, "such as is usually kept for sale in country stores," and plaintiff avers that said fire-works were a part of his stock of general merchandise, and were generally kept in a stock of general merchandise "such as is usually kept for sale in country stores." 3d. That the provision mentioned in said plea, regarding fireworks was printed, and that by a provision of the contract of insurance sued on, which provision was partly printed and partly written, "the defendant insured the plaintiff's stock of general merchandise, and that fire-works were usually kept in a stock of general merchandise, such as is usually kept for sale in country stores." The plaintiff also filed a replication to the 3d and 4th pleas, in which he averred that the destruction of the property mentioned in the complaint was not caused or affected by benzine or fire-works. The defendant demurred to the several replications of the plaintiff to the 3d and 4th pleas on the following grounds: 1st. That the said replications are no answer to the pleas, because it is not denied therein that during the existence of the policy sued on benzine or fire-works were kept, used or allowed on the premises, without the consent of the defendants, and in violation of the provisions of the policy. 2d. That it was alleged in said pleas that by the terms of the policy of insurance sued on, it was made a condition that if benzine or fireworks were kept, used or allowed on the premises during the existence of the policy, without the consent of the defendant, then the policy should be void, and it is not denied in the said replications that the plaintiff did keep, use or allow benzine and fire-works on the premises without the consent of the defendants, and

[Tubb v. Liverpool & London & Globe Insurance Co.]

in violation of said condition of the policy. 3d. That whether benzine or fire-works were kept on the premises or not, at the time of the fire, is wholly immaterial, and no answer to the pleas. 4th. That whether the destruction of the property insured was caused or not, or in any manner affected, by benzine or fire-works, is immaterial, because, by the terms of the policy which was made a condition, the policy would be void if such articles were used or allowed on the premises without the consent of the defendant. The plaintiff's demurrer to the 10th plea was overruled. The defendant's demurrer to plaintiff's replication to the 3d and 4th pleas were sustained; and the plaintiff declining to plead further, judgment was rendered for the defendant. The plaintiff appeals, and assigns as error the rulings of the trial court upon the pleadings.

COLEMAN & BANKHEAD, for appellant.—1. All authorities hold that the false swearing which invalidates a policy of insurance must be false swearing to a material matter calculated to mislead or deceive the insurer, knowingly and intentionally done. False swearing as to a fact wholly foreign to the matter involved, or a mistake, or an unintentional misstatement would not have the effect.—7 Am. & Eng. Encyc. of Law, 1047; 11 Am. & Eng. Encyc. of Law, 301; *Phœnix Ins. Co. v. Summerfield*, 13 So. Rep. 253. The case of *Coflin v. Assurance Co.*, 110 U. S. 81, is not opposed to this principle. On the contrary it reiterates it.

2. The other assignments of error raise a question as to the construction of a policy of insurance which has never been decided in this State, and on which the decisions of other courts are not in harmony. The appellant contends that where a policy is partly written and partly printed, and in the written part the insurer insures the general stock of merchandise of assured such as is usually kept for sale in country stores, and the stock of the assured is such as is usually kept for sale in country stores, and in the printed portion of the policy there is a prohibition against keeping certain articles which were in the stock of the insured, and which are usually kept for sale in a stock of merchandise in country stores; the keeping of such articles in the store of assured does not invalidate the policy.

[Tubb v. Liverpool & London & Globe Insurance Co.]

The contention of the appellee is based on the well known principle that when there is a general provision in a contract and a special provision, the special provision will govern the interpretation of the contract. The argument of the appellant is based on the equally well established principle that if the contract is partly printed and partly written, the written portion of the policy will govern the interpretation of the contract.—*Thornton v. S. & B. R. R. Co.*, 84 Ala. 109; *Bolman v. Lobman*, 79 Ala. 67; and on the other principle that the conditions and provisos of insurance policies are to be liberally construed in favor of the assured and strictly construed against the insurer.—*Piedmont & Arlington Life Ins. Co. v. Young*, 58 Ala. 476.

The courts of different States, as shown by the following citations, have adopted the construction contended for by appellant: *Whitmarsh v. Conway Fire Ins. Co.*, 16 Gray, 359; *Elliott v. Hamilton Mut. Ins. Co.*, 13 Gray, 139; *Steinback v. Lafayette Ins. Co.*, 54 N. Y. 90; *Pinder v. Kings Co. F. Ins. Co.*, 36 N. Y. 648; *Barnum v. Merch. F. Ins. Co.*, 77 N. Y. 188; *Harper v. Albany Mut. Ins. Co.*, 17 N. Y. 194; *N. Y. Equitable Ins. Co.*, 6 Wend. 623; *Harper v. N. Y. Ins. Co.*, 22 N. Y. 441; *Pindar v. Res. Fire Ins. Co.*, 47 N. Y. 114; *Barnard v. Nat. F. Ins. Co.*, 27 Mo. Ap. 26; *Renshaw v. Mo. State Mut. F. & M. Ins. Co.*, 103 Mo. 595; *Niagara F. Ins. Co. v. DeGraff*, 12 Mich. 124; *Carrigan v. Lycoming F. Ins. Co.*, 53 Vt. 418; *Stout v. Commercial Union As. Co.*, 12 Fed. Rep. 554; *Plinsky v. Germania F. & M. Ins. Co.*, 32 Fed. Rep. 47; *Collins v. Farmville Ins. Co.*, 79 N. C. 279; *Hammond v. City Ins. Co.*, 26 N. Bruns. 371; *Georgia Home Ins. Co. v. Jacobs*, 56 Texas, 366.

LONDON & TILLMAN, *contra.*—1. Where a policy of insurance provides that if the insured swears falsely about the insurance or the subject matter thereof, the policy shall be void, the motive or intent is immaterial if the false statement was material in ascertaining the amount of, or circumstances attending the loss.—*Claflin v. Assurance Co.*, 110 U. S. 81; 1 Biddle Ins., §§ 430, 446; *Mullin v. Ins. Co.*, 58 Vt. 113, 127; *Dolloff v. Ins. Co.*, 82 Me. 266, 270; *Sluper v. Ins. Co.*, 56 N. H. 401.

2. The false statements were made in reference to a matter material, in ascertaining the amount of the loss,

[Tubb v. Liverpool & London & Globe Insurance Co.]

first by getting the value and then by getting at the evidence of it in the possession of the insured.   Knowledge of the falsity of a statement is wholly immaterial in this State where the scienter or intent to decieve is not necessary to constitute fraud; the rule in Alabama is, that a representation of a material fact which is untrue is a fraud even if made in ignorance of the fact.—*Munroe v. Pritchett*, 16 Ala. 785 ; *Atwood v. Wright*, 29 Ala. 346 ; *Sledge v. Scott*, 56 Ala. 202 ; *Tabor v. Peters*, 74 Ala. 90 ; *Brown v. Freeman*, 79 Ala. 406.

3.   Where the general terms are used in describing the subject of insurance and certain articles specified are prohibited, it can not be shown that the general term includes the prohibited articles and thereby defeat the prohibiting clause.   It is not denied that there is authority to be found for the position of appellant, but we submit that the best considered case is the decision of the Supreme Court of the United States in *Steinbach v. Insurance Co.*, 13 Wall. 183, and the pleas three and four bring the case directly within the views there expressed. This case has been followed in many others.—*Cobb v. Ins. Co.*, 17 Kan.  492 ; *Western Ins. Co. v. Rector*, 85 Ky. 294 ; *Peoples Ins. Co. v. Kuhn*, 12 Heisk. (Tenn.) 515 ; *Portsmouth Ins. Co. v. Brinckley*, 2 Ins. L. J. (Va.) 843. The courts of Pennsylvania declare the same rule.—*Birmingham Ins. Co. v. Kroegher*, 83 Pa. St. 64.   In *Steinbach v. Lafayette Ins. Go.*, 54 N. Y. the  court says it can not follow the decision on account of the former New York decisions. The question is fully discussed and both sides fairly presented in 2 Biddle on Ins., § 752.   To permit parol evidence to explain the words used to defeat the express terms of the policy seems to us a palpable violation of the settled rules of law.   General words are used in describing the property and in the same contract it is expressly provided that certain specified articles shall not be kept.   Can the general terms over-ride the special or can it be shown by parol that in fact the certain articles were not prohibited?   The rule in this court is that by the acceptance of the policy the assured is estopped to deny his assent to its stipulations.—*Brown v. Commercial Ins. Co.*, 86 Ala. 189 ; *Pelican Ins Co. v. Smith*, 92 Ala. 428.

HARALSON, J.—1.   The demurrer to plea number

ten should have been sustained.   The plea very carefully avoids the allegation, that the alleged false or untruthful swearing was knowingly or willfully done.   The authorities seem to be very uniform to the effect, that the swearing such as is averred this policy required, and such as was made by the insured after the loss in proof of the value of the goods destroyed, in order to work an avoidance or forfeiture of the insurance, must have been knowingly and willfully done with a fraudulent purpose, and that a mere innocent mistake, or mis-statement, or over-valuation, do not constitute a defense.—2 May on Insurance, § 447; 2 Wood on Ins., § 441; 1 Biddle on Ins., § 444; 11 Am. & Eng. Encyc. of Law, 301; *Titus v. Ins. Co.*, 81 N. Y. 411; *Mutual Ins. Co. v. Gargett*, 42 Mich. 289; *Dogge v. Ins. Co.*, 49 Wis. 502; *Watertown F. Ins. Co. v. Grehan*, 74 Ga. 642; *Carson v. Jersey City Ins. Co.*, 14 Vroom (N. J. Law) 300; *P. & M. Ins. Co. v. Dedford*, 38 Md. 382; *Little v. Phoenix Ins. Co.*, 123 Mass. 380; *Franklin F. Ins. Co. v. Updegroff*, 43 Penn. St. 350; *Marion v. Ins. Co.*, 35 Mo. 148; *Gerhauser v. Ins. Co.*, 7 Mo. 174.

The case of *Claflin v. Com. Ins. Co.*, 110 U. S., especially, and several other cases are referred to by counsel for defendant, and, on examination, they are found to be really not in conflict with the general doctrine as we have stated it, for in each it is predicated that the swearing must have been knowingly or fraudulently made. In *Claflin's case*, for instance, it was set up in the answer that the facts sworn to "were wholly false, as said Murphy well knew."   And the court in the opinion, commenting upon this answer say:   "A false answer as to any matter of fact material to the inquiry, knowingly and willfully made with intent to deceive the insurer, would be fraudulent.   If it accomplished its result, it would be a fraud effected; if it failed, it would be a fraud attempted.   And if the matter were material and the statement false, to the knowledge of the party making it, and willfully made, the intention to deceive the insurer would be necessarily implied, for the law presumes every man to intend the necessary consequence of his acts."   This accords with the general doctrine on the subject.

The burden of proof of fraud is on the insurer, who sets it up, and he will not be allowed by the form of his

plea to shift it. Of course, the question whether the facts show a willful and intentional misstatement of facts, made for the purpose of defrauding the insurance company, is one for the jury.—1 Biddle on Insurance, § 442.

2. The question involved on the trial of the demurrers to the replications to the pleas numbered 3 and 4 is, where the policy is partly written and partly printed, and in the written part, the insurer insures "the stock of general merchandise of the assured such as is usually kept for sale in country stores," and contains articles which are specified in the printed part,—such as benzine, fire-works, kerosene oil and gunpowder,—which are prohibited from being kept, whether it can be shown that such stock of general merchandise, includes the prohibited articles, and thereby defeat the prohibiting clause.

In the third plea, in which the breach of the policy is assigned, it is shown by the replication, that the provision for forfeiture for keeping benzine was printed, and so in the 4th as to fire-works; and, there is not, in either plea, any allegation that the provision in respect to kerosene oil or gunpowder, also prohibited, was broken, or that either of these last named prohibited articles, as to which a permit to keep them, in limited quantities, was indorsed on the policy, were included in the same provision as the one in which benzine, or fire-works were included, and there is no allegation that the kerosene oil and gunpowder provision was written or printed; but construing the pleas most strongly against the pleader, we must presume, they were in a provision different from the benzine and fire-works provisions, and that they were printed.

In *Bolman v. Lohman*, 79 Ala. 67, it was held, that in interpreting instruments partly written and partly printed, the greater weight should be given to that which is written, for the presumption is, that greater attention was bestowed on the written parts; that a printed form is intended for general use, without reference to particular objects and aims, and that which is written is supposed to be dictated by the particular intention and purpose of the parties contracting.—*Thornton v. Sheffield & B. R. R. Co.*, 84 Ala. 109.

In construing contracts of insurance, another settled

rule of construction is, that courts, being strongly inclined against forfeitures, will construe all the conditions of the contract and the obligations imposed, liberally in favor of the assured, and strictly against the insurer.—*Piedmont & A. L. Ins. Co. v. Young*, 58 Ala. 476; *Ala. Gold Life Ins. Co. v. Johnson*, 80 Ala. 467; *Syndicate Ins. Co. v. Catchings*, 104 Ala. 176. And so, it is held, that where the terms of a policy are susceptible, without violence, of two intepretations, the construction most favorable to the insured should be adopted; and, in a case where it is doubtful what goods are covered by the policy, the doubt will be resolved against the insurer, and evidence will be admissible to resolve the doubt.—1 Wood on Ins., 142; 2 May on Ins., § 420.

The foregoing do not in anywise conflict with other well understood rules for the construction of a policy of insurance,—that by the acceptance of the policy the assured is estopped to deny his assent to its express stipulations, (*Brown v. Ins. Co.*, 86 Ala. 192; *Pelican Ins. Co. v. Smith*, 92 Ala. 430); and that, where a policy contains language of ambiguous or of doubtful meaning, or some of its terms are inconsistent with others, parol evidence of usage is admissible, so as to arrive at the intention, understanding and agreement of the parties, but that it can never overturn the positive requirements of the law, or the express contract of the parties.—*Buyck v. Schwing*, 100 Ala. 355; *Richmond & Danville Railroad Co. v. Hissong*, 97 Ala. 191-2; *Barlow v. Lambert*, 28 Ala. 708.

3. Wood, in his work on Insurance, in treating of repugnant stipulations as to the subject-matter of the risk, says: "Where the written portion of the policy describes the property insured as of a certain class, and the property as described embraces a class of articles ranked in the policy as hazardous, or which, by the printed terms of the policy, are prohibited, as if the goods are described as a stock, 'such as is usually kept in a country store,' and the printed portion of the policy *prohibits* the keeping of certain articles *usually* kept in a country store, the written portion of the policy overcomes the force of the printed stipulations, and the keeping of such articles does not operate as a breach of the conditions of the policy. Thus, where a policy covered property described as a stock 'such as is usually kept in a general

[Tubb v. Liverpool & London & Globe Insurance Co.]

retail store,' and the keeping of gunpowder was prohib-
ited by the printed portion of the policy, it was held
that if gunpowder formed a part of the stock *usually* kept
in a 'general retail store,' the keeping of gunpowder was
not a violation of the conditions of the policy;'' and so
of other prohibited articles coming within the class of
articles described by general designation; and he adds:
"It may always be shown that such articles are *usually*
kept as a part of the stock of the class insured, and if
proved, the printed prohibitory clause is overcome by
the written description of the class of property insured.''
1 Wood on Ins., § 64. Again, he says in section 69:
''Where there is anything in the written portion of the
policy, or in the description of the property itself, that
shows that any articles within the prohibited class are
to be kept, the force of the printed clause is overcome,
as the writing evidently expresses the understanding of
the parties when the contract was actually made, while
the printed portion of the policy only embodies the gen-
eral terms upon which insurance, in the absence of spe-
cial agreement, is made.''

May states the rule to the same effect, as follows:
''And it may be stated as a general proposition that
where, in the description of the subject-matter of
insurance, a stock of goods or property embarked
in a particular trade or manufacture, or any branch
of business, is stated to be insured without qualification
or exception, the policy covers all such special articles
of merchandise, processes, practices, subordinate trades,
and manufactures, as are necessarily or usually included
in or incidental to the general subject-matter of insur-
ance, notwithstanding the policy may provide, by a gen-
eral printed stipulation, that if the premises shall be
used for, or appropriated to the storing or vending of ar-
ticles, or the carrying on of any trade, vocation or busi-
ness denominated hazardous, extra hazardous or enumer-
ated in the memorandum of special rates, the policy shall
be void, and such included and incidental matters are
within the excepted specifications.''—1 May on Ins.,§ 239.
The rule is based on what is presumed to be the intention
of the parties, that the entire subject-matter with all its
incidents is to be protected, "and upon the further pre-
sumption that the written special description of the par-
ticular subject-matter, whenever inconsistent with spe-

cial printed clauses, must control;" a proposition, he adds, which has been established and illustrated by numerous adjudged cases, to which he refers. To the same effect is Flanders on Insurance, 309.

Counsel for appellee relies much on the case of *Steinbach v. Insurance Co.*, 12 Wall 183, which seems to be the leading case, usually cited as opposed to the rule as laid down above. In that case, the subject insured was described as, "On his stock of fancy goods, toys and other articles in his line of business, * * * as a German jobber and importer. Privileged to keep fire-crakers." In the printed part of the policy, *fire-works* were prohibited, and articles of the class to which they belonged added 50 cents more to the rate per $100, and to be covered, were required to be specially written on the policy. The plaintiff proposed to prove, "that fire-works constituted an article in the line of business of a German jobber and importer." In a very brief opinion, without reference to an authority, the court decided, that the evidence was inadmissible. It was assigned as a reason for so holding, that "the policy itself requires that fire-works shall be specially written in it. They are among the goods described as specially hazardous, and add 50 cents on the $100 to the ordinary rate of insurance," and that it was impossible to think they were described by the general terms used in the policy.

This case is clearly distinguishable from the class of cases such as we have on hand, as was held by GRESHAM, D. J., in *Stout v. Com. Union Ass. Co.*, 12 Fed. Rep. (Ind.) 554, and in *Plinsky v. Germania F. & M. Ins. Co.*, 32 Fed. Rep. (Mich.) 47. But, if the case cited does conflict with the general doctrine as stated, it is opposed to the decisions of many of the State courts, and to the text books above referred to on the subject. It is not denied that there are decisions holding to a contrary view; but the preponderance and weight of authority seem to sustain the view we take.—*Barnum v. Mer. F. Ins. Co.*, 97 N. Y. 188; *Steinback v. Lafayette F. Ins. Co.* 54 N. Y. 90. Without referring specially to the decided cases on the subject, they will be found collated under the sections in the text books to which we have referred, and in 2 Biddle on Ins., § 752.

Our conclusion is, that the demurrer to plaintiff's replications to pleas 3 and 4 were improperly sustained.

There were other rulings on the pleadings, but those we have noticed are the only ones insisted on in argument, and the errors assigned as to the others are waived.

Reversed and remanded.