# Barrett *et al. v.* Central Building & Loan Association.

*Bill in Equity against Building and Loan Association to have Mortgage declared Usurious and to enjoin Foreclosure thereof.*

1. *Demurrer to bill in equity; how considered on appeal.*—When a demurrer to a bill in equity, assigning several grounds, is sustained generally, a decree on appeal will be referred to such ground as will support it; and if any of the grounds of demurrer are well taken, the decree will be affirmed.

2. *Usury; equity of bill to have mortgage given to building and loan association declared usurious ˙and to enjoin foreclosure.* A bill filed by a borrower from a building and loan association, seeking to have the foreclosure of a mortgage given by the complainant to the defendant enjoined, upon the ground that there was usury in the transaction, which fails to set out the note which the mortgage was given to secure, and the certificate of stock subscribed for by the complainant, or the charter or the by-laws of the defendant association, or the substance of the same, is defective and open to demurrer.

3. *Bill in equity to enjoin foreclosure of mortgage; repugnancy between averments and exhibit to bill.*—Where in a bill filed by a mortgagor seeking to enjoin the foreclosure of a mortgage, upon the ground of usury, it is averred that there was no provision in the mortgage as to the time when the mortgage debt would mature, but the mortgage which is attached as an exhibit to the bill contains a stipulation that the debt shall be paid "on or before the nine years from date," there is a repugnancy in the averments of the bill and in the exhibits, which renders the bill subject ˙to demurrer.

4. *Same; when demurrable for averring conclusions of pleader.* On a bill filed by a borrower from a building and loan association, seeking to have a mortgage contract declared usurious and the foreclosure of the mortgage enjoined, and said contract by its terms does not purport to bind the mortgagor to pay more than the sum borrowed with legal interest, and the by-laws or charter provisions of the association are not set out in the bill and there are no extraneous

[Barrett *et al.* v. Central Building & Loan Association.]

facts averred in the bill as existing when the contract was made, rendering it usurious, and there is only a general statement on the part of the complainant that it was the intention and understanding of the parties to charge an usurious rate of interest, such bill is defective and subject to demurrer; the statements as to the intention to charge usury being a mere conclusion or opinion of the pleader.

5. *Usury; by what laws to be determined.*—When a contract is not entered into with the intent and purpose of evading the usury laws, parties may contract for the payment of interest according to the law of either the place of making the contract, or the place of its perfomance, without offending the usury laws of this State.

APPEAL from the Chancery Court of Talladega.

Heard before the Hon. RICHARD B. KELLY.

The bill in this case was filed by the appellant, John R. Barrett and wife, against the Central Building & Loan Association, a corporation, chartered under the laws of Tennessee, and having its chief office located at Chattanooga. The facts averred in the bill sufficient to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The defendant demurred to the bill upon several grounds, among which were the following: "3. No facts are stated which show that the issuance of stock to complainants or their subscription therefor in the Central Building & Loan Association was 'fictitious' or that show any agreement of the parties to charge usurious interest, and the averments of the bill that such stock was 'fictitious' and that 'it was the agreement of the parties to loan such money at a usurious rate of interest,' are conclusions of the pleader." "5. The amounts of usurious interest interest charged or agreed to be charged are not averred, and the averment that it was contemplated or understood that that rate of interest would be at least twelve per cent. per annum is a conclusion of the pleader." "6. For that such bill is contradictory in its statement, it avers that there was no provision in said mortgage, when a time was fixed for the maturity of said indebtedness, and the copy of said deed of trust shows that the note evidencing said indebtedness was to fall due nine years from date, and

the maturing of said note at such time is in no wise
dependent upon the maturity of said stock." "12. For
that the averments that the premiums and payments on
stock are payments of interest is a conclusion of the
pleader."

Upon the submission of the cause upon the demurrers
the chancellor rendered a decree in which he adjudged
that the grounds of demurrer above set out were well
taken. In his decree, however, the chancellor stated
that "for the purpose of this decree I shall treat all of
said grounds of demurrer as one demurrer." Thereupon
a decree was rendered sustaining the demurrer inter-
posed to the bill of complaint. From this decree the
complainants appeal, and assign the rendition thereof
as error.

KNOX, BOWIE & DIXON, for appellant, cited *Lindsay
v. U. S. S. & L. Asso.*, 120 Ala. 156; *U. S. S. & L. Asso.
v. Slaughter*, 120 Ala. 662; *Falls v. B. & L. Asso.*, 97
Ala. 417.

WHITSON & GRAHAM, *contra*, cited *McDonald v.
Pearson*, 114 Ala. 641; *Steiner v. Parker*, 108 Ala. 357;
*Farriss v. Hogan*, 121 Ala. 241; *Tatum v. Tatum*, 111
Ala. 209; *McCreery v. Bank*, 116 Ala. 228; *Lake v. Sec.
L. Asso.*, 72 Ala. 298.

DOWDELL, J.—It is shown by the bill that the com-
plainants for the purpose of obtaining a loan, became
members of the defendant company, the Central Build-
ing and Loan Association, subscribing for and taking
twenty shares of stock in the concern. That they ob-
tained a loan of one thousand dollars, for which they
gave their note, and to secure the same executed the
mortgage or deed of trust, a copy of which is attached
to and made a part of the bill as an exhibit. The com-
plainants now seek by their bill to enjoin the foreclos-
ure of said mortgage, and the sole ground upon which
they base their claim for relief is that of usury, with
which said mortgage is averred to be affected. The bill
fails to set out the note for which the mortgage was

given to secure, and, also, fails to set out either the
certificate of stock, or charter, or by-laws of the de-
fendant company, or the substance of the same, and of-
fers no reason or excuse for such failure.    But, the
pleader contents himself with averring in general terms
that the borrowing and taking of stock was a single
transaction, and that it was the intention and under-
standing of the parties to charge and receive usurious
interest for said loan, and that the issuance of the stock
was "fictitious."    The bill as amended was demurred
to by the respondent.    The demurrer was single, though
it contained twelve different grounds of assignments,
and was so treated by the chancellor.    The demurrer
was sustained, and from this decree the present appeal
is prosecuted.    The rule is that on appeal from a decree
sustaining a demurrer to a bill in equity, the decree
will be referred to the causes of demurrer which will
support it, and not to others which would render it
erroneous.—*Tatum v. Tatum,* 111 Ala. 209; *McDonald
v. Pearson,* 114 Ala. 641; *Steiner v. Parker,* 108 Ala.
357; *Ferris v. Hogan,* 121 Ala. 241.

A demurrer to a bill confesses only matters of fact
which are well pleaded, and not conclusions or infer-
ences of law or fact.—*McCreery v. Berney National
Bank,* 116 Ala. 228; *Sheffield T. & St. R'y Co. v. Rand,*
83 Ala. 298; *Lake v. Security Loan Asso.,* 72 Ala. 207.

It is averred in the bill "that there was no provision
in the mortgage by which a time was fixed for maturing
the indebtedness except at such time as said alleged
stock might become worth par." The mortgage or deed
of trust which is made an exhibit to the bill by its terms
is a security only for the loan and interest thereon,
and fixes the rate of interest at 6 per cent *per annum,*
payable monthly, and also provides that the debt shall
be paid "on or before nine years from date."    From
this a repugnancy in the averments of the bill results,
which rendered the bill subject to the sixth assignment
of demurrer.—*Little v. Snedicor,* 52 Ala. 167.

By the terms of the mortgage, the charter and by-
laws of the defendant association, of which the com-
plainants were members, are referred to and expressly
made a part of the contract of loan, and should have

been set out in the bill, at least in substance, or some sufficient reason assigned for the failure to do so, and failing in this the bill was defective and open to demurrer. The bill is wanting in averments of extraneous facts existing when the contract was made rendering it usurious in effect, and the general statement that it was the intention and understanding of the parties to charge an usurious rate of interest, when the mortgage contract set out in the bill, which is averred to be an Alabama contract, shows the rate of interest to be six per cent *per annum,* which is less than legal interest, will be regarded and treated as the statement of a conclusion or opinion, and for that reason open to demurrer.—*Tutwiler v. B. & L. Asso.,* 127 Ala. 103.

So the averment that the transaction was single and that the issuance of stock was "fictitious" and done to cover and conceal the intention to charge usury, without setting forth the entire contract of loan and subscription for stock, or the substance of such contract, or some sufficient reason for the failure to do so, can be regarded as nothing more nor less than the statement of a conclusion.

The bill avers that the complainants have never voted said stock, but it does not deny the right to vote the same, nor does it negative the right of the complainants to participate in the profits of the association. It may be that if the certificate of stock, and the charter and by-laws of the association which are referred to in the mortgage and made a part of the contract of loan, were set out in the bill, the dual character of stockholder and borrower would be shown, thereby bringing the case within the principle laid down in *Southern B. & L. Asso. v. Anniston .L. & T. Co.,* 101 Ala. 582, and the more recent cases following that case, of *Sheldon v. Birmingham B. & L. Asso.,* 121 Ala. 283; *Hayes v. Southern B. & L. Asso.,* 124 Ala. 663, and *Nonnemacher v. Loan Co.,* 127 Ala. 531.

The contract stipulates for the payment of the loan and interest at the home office of the association at Chattanooga, Tenn. The contract in terms, also, fixes the rate of interest at six per cent *per annum.* When

not done with the intent and purpose of evading the usury laws, parties may contract for the payment of interest according to the law of either the place of making the contract, or of the place of its performance without offending against such laws. There is no averment that the rate stipulated for is usurious under the laws of Tennessee, nor that there was any sinister motive in fixing the place of performance of the contract. See *Nonnemacher v. Loan Co., supra,* and authorities there cited.

There was no error in sustaining the demurrer to the bill and the decree of the chancellor will be affirmed.

Affirmed.