[Beyer v. National Building & Loan Association.]

131   369
f137  875

131   369
140   876

# Beyer *v.* National Building & Loan Association.

*Bill in Equity to Cancel Mortgage, given to a Building and Loan Association.*

1. *Bill to cancel mortgage to building and loan association; sufficiency of bill; demurrer.*—In a suit to cancel a mortgage given to a building and loan association, as having been fully paid and satisfied, but the mortgagee claims that the complainant is still indebted on the transaction, where a paragraph of the bill alleges that at the time the complainant applied for the loan there was more than one applicant to borrow the funds of the association, and the respondent failed to put the loan up for the highest bidder as required by law and the by-laws of the association, and for this reason complainant was only a borrower, the sum a simple loan, and that he is entitled to a credit on the sum advanced for the amount paid for premiums and dues, such paragraph is subject to demurrer on the grounds that it does not appear that the loan was not in accordance with the by-laws of the association, that the by-laws are not even shown in substance, and that it does not appear that complainant was injured by the failure to put the funds up for the highest bidder.

2. *Same; same; same.*—In such a suit, where a paragraph of the bill alleges that complainant is only liable on an accounting to six per cent. interest, that being the amount contracted for in the bond executed by him to the association, and the rate fixed by the by-laws, but the contract attached to the bill as an exhibit showed that complainant contracted to do more than was alleged, such paragraph is subject to demurrer on the grounds that the allegations are inconsistent with the terms of the contract exhibited with the original bill, and are conclusions of the pleader.

3. *Same; same; same.*—In such a suit, where a paragraph of the bill alleges that the defendant falsely represented that the stock for which complainant subscribed would mature in not more than six years, and that by making monthly payments of dues, premiums and interes. for six years the

24

[Beyer v. National Building & Loan Association.]

stock would mature and the loan would be cancelled, that complainant relied upon these false and fraudulent representations, and was thereby induced to execute the bond and mortgage, and that though he has paid the dues, premiums and interest for six years, his stock has not matured, nor has his loan been cancelled, such paragraph is subject to a demurrer on the grounds that the alleged false representations were the mere expressions of opinion on matter equally open to observation and inquiry by both parties; and that it is not alleged that these representations were not made on the past experience of the defendant, or were made by defendant's agent, who knew they were false, with the intention to deceive complainant, and they had that effect.

4. *Same; same.*—In such a suit, where a paragraph of the complaint alleges that the contract for the payment of premiums is usurious because it requires the payment of a certain sum per month as premium, in addition to the six per cent. per annum stipulated to be paid on the loan, such paragraph is subject to demurrer on the grounds that it is not shown how any usury exists as to the loan made to complainant, and that the amount of the usury is not alleged.

5. *Same; same.*—In such a suit, a paragraph of the bill setting up that the statute allowing building and loan associations to charge more than eight per cent. per annum on loans, is unconstitutional, is inapplicable, where the statute under which the loan was made does not authorize such association to charge more than eight per cent. interest, and the contract provides for the payment of only six per cent., and such paragraph is subject to demurrer upon the ground that the averments of the complaint fail to show usury, and that the amount of the usury is not alleged.

6. *Equity practice; when granting motion error without injury.*—Where demurrers to an amended bill are respectively sustained, and after this the court grants a motion to strike the amended bill from the file, the granting of the motion is error without injury.

APPEAL from the Chancery Court of Cullman.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill was filed by Frank Beyer on the 27th June, 1899, against the defendant company, the National Building & Loan Association, its object being to have a

mortgage executed by plaintiff to defendant on the 1st day of June, 1894, on certain real estate therein mentioned cancelled as having been fully satisfied.

The bill as originally filed contained thirteen sections, charging usury in the loan; that the defendant by its agents and literature falsely and fraudulently represented to complainant that the loan was made to him, and the stock of the company would mature in no less than five and a half to six years, etc.

It averred that respondent claims that complainant is still indebted to it in the sum of $1,700; and he charges that he is not indebted to it in any sum whatever on account of said loan; but, if he is mistaken in this, he is ready, able and willing and offers to pay into court to respondent all moneys due to it with legal interest on account or in settlement of said loan.

The prayer is, that the register ascertain and report what sums of money were received by complainant from respondent under said mortgage, and the sums of money repaid by him to respondent on account of said loan, together with the interest to be found due thereon; that if any sum of money be found to be due respondent on account of said loan, that complainant be allowed to pay the same to respondent or into the hands of the register; that on payment thereof, that the mortgage be cancelled and satisfied on the records of said court, and that the injunction be granted restraining defendant from foreclosing or attempting to foreclose its said mortgage, and for further relief.

The defendant filed a demurrer with many grounds to the bill, and moved to dismiss it for want of equity.

Thereafter, the court overruled the motion to dismiss for want of equity, and sustained all the grounds of demurrer except those from 1 to 5, inclusive, the 10th and those from 18 to 22, and from 27 to 31, and all other grounds of the 31 filed were overruled. This decree was rendered on the 13th June, 1900, and is not appealed from, and none of the rulings thereon are assigned as error.

On July 11, 1900, the complainant filed an amendment to his bill, numbered in sections from 13 to 18.

[Beyer v. National Building & Loan Association.]

The averments of the amended bill are sufficiently shown in the opinion.

On August 24th, the defendant moved to dismiss the amended bill for want of equity, and, on specified grounds, to strike it from the file.

It also demurred to the amended bill on the following grounds: To section thirteen: (1.) "It does not appear that the loan to complainant was not in accordance with the by-laws of respondent association; (2) the by-laws referred to in said paragraph are not set out or the substance thereof sufficiently set forth, but the same is left to inference merely; (3) it does not appear that complainant sustained any damage by reason of said alleged failure to 'put said money up to the highest bidder.'" To section fourteen: (1) "The allegations thereof are inconsistent and repugnant with the terms of complainant's contract exhibited with the original bill; (2) the allegations thereof are not of matters of fact, but conclusions of the pleader only." To section fifteen: (1) "The averments of said bill touching the alleged representations as to the time when said stock would be matured and said loan paid show no more than an expression of opinion or judgment upon a matter which was equally open to the observation and inquiry of both parties and furnish no ground for relief in equity; (2) the averments of said bill touching the alleged representations as to the time when said stock would mature and said loan paid furnish no ground for equitable relief to complainant; (3) it is not averred in said bill that the alleged representations touching the time when said stock would mature and said loan would be repaid were made as upon the past experience of said association and that the said association had such passed experience; (4) it appears from said bill that said alleged representations touching the time when said stock would mature and pay said loan related to the future operations and expectations of the respondent association and not to any passed experience in its business." To sixteenth, seventeenth, and eighteenth: (1) "Said bill does not state any facts showing how or wherein any usury ex-

[Beyer v. National Building & Loan Association.]

ists or is charged in the loan 'or advanced on the stock owned by complainant in respondent association or in the contract securing such loan; (2) said bill does not state distinctly the terms of the alleged usurious agreement and the amount of the alleged usury; (3) the amount of the alleged usury is not stated in the bill; (4) it does not appear from said bill that the loan or advance made by respondent association was usurious."

On September 7 the court rendered a decree overruling the motion to dismiss for want of equity, sustaining all the grounds of demurrer except two, and granting the motion to strike the amended bill from the files.

From this decree the appeal is prosecuted, and the errors assigned relate to the sustaining of the demurrer to the amended bill and the granting of the motion to strike it from the file.

BROWN & CURTIS, for appellant, cited *Clark v. Jack*, 60 Ala. 271; *Association v. Robinson*, 69 Ala. 413; *Jones v. Jones*, 11 S. R. 11; 14 Amer. & Eng. Encyc. (2d ed.), 38, 39, 42, 43; *Monroe v. Pritchett*, 16 Ala. 785; *Sledge v. Scott*, 56 Ala. 202; *Johnson v. Bent*, 93 Ala. 160; *Ormdorf v. Tullman*, 90 Ala. 441.

W. L. MARTIN, *contra*, cited *Lake v. Security Asso*, 72 Ala. 207; *Railway v. Matthews*, 77 Ala. 357; *Bradfield v. Elyton Land Co.*, 93 Ala. 527; *Birmingham Co. v. Elyton Land Co.*, 93 Ala. 549; *Johnston v. Elizabeth Asso.*, 104 Pa. State, 394; Thompson Bldg. Asso, 177-8, notes; *Juzam v. Toulmin*, 9 Ala. 662, 684; *Townsend v. Cowles*, 31 Ala. 428; 37 Ala. 37; *Davis v. Betz*, 76 Ala. 206; *Lockwood v. Fitts*, 90 Ala. 150; *Ansley v. Bank of Piedmont*, 115 Ala. 467, 479; *Stevens v. Alabama Land Co.*, 121 Ala. 450; *Sawyer v. Prickett*, 19 Wall. 148; *Gordon v. Butler*, 105 U. S. 553; *Greene v. Societies*, 81 Fed. 71; *Reeves v. Corning*, 51 Fed. 774; 14 Amer. & Eng. Encyc. (2d ed.), 134-41.

HARALSON, J.—The errors assigned, 18 in number, relate,—17 of them—to sustaining the demurrers to the separate sections of the amended bill, and the

18th to granting the motion to strike the amended bill from the files.

1.    The first section of the amended bill numbered 13 is: "Complainant alleges that at the time he applied for his said loan or advance, there was more than one applicant to borrow the funds of said association, and the respondent failed to put said money up at the highest bidder as required by law and the by-laws of the respondent association, and complainant alleges that this made his relation to or with the association that of a borrower only, and his said transaction that of a simple loan, and for this reason, he is entitled to a credit on the amount advanced to him, for all sums paid in the way of premiums and dues."

This paragraph assumes that the association was bound to lend its money to the highest bidder. This loan was made while section 1556 of the Code of 1886 was of force, which provided, in its 9th subdivision, that when funds were on hand to lend, the company could lend them on such terms and conditions as were prescribed by its by-laws, but the security should be by a mortgage on real estate sufficient to protect the association. There is no averment here, that the loan was not on such terms and conditions as were prescribed by the by-laws, and from anything appearing, the loan may have been made in accordance with the by-laws. Furthermore, subdivision 10 of said section provides that the company may lend its funds on hand to the highest bidder, when deemed advisable by it. The complainant seeking to attack the mortgage on account of alleged invalidity, should have alleged facts to show such invalidity, independent of alleged conclusions. Moreover, it does not appear, that complainant suffered any damage by reason of said alleged failure to put said money up to the highest bidder. The demurrer covered these infirmities of this section.—*N. B. & L. Asso. v. Ballard,* 126 Ala. 155; *S. B. & L. Asso. v. Casa Grande Stable Co.,* 128 Ala. 624; *Barrett v. C. B. & L. Asso.,* 130 Ala. 294.

2.    The 14th section is: "Complainant further alleges, that he is only liable on an accounting to six

per cent. interest, that being the amount contracted for in the bond executed by him to the said association, and the rate fixed by the by-laws and said association." The grounds of demurrer were, that the allegations of this sections are inconsistent with and repugnant to the complainant's contract exhibited with the original bill; and that the allegations were not of matters of fact, but were the conclusions of the pleader. These grounds were well taken. The contract set up by complainant in his original bill, was, that he was to pay $57 per month, to be applied,—$21 to monthly dues on stock, $21 to precedence premium on said stock per month, and $15 per month, interest on the loan, besides all fines and assessments levied against him pursuant to the by-laws, said payments to "be continued until the dues so credited on said stock, together with the dividends declared thereon shall equal the par value of said stock." The contract further provided, that a failure for six months to make said monthly payments, should have the effect to make the entire debt due and payable at the option of the association. He thus contracted to pay dues, premiums and interest, while the allegation of the section is, "that he is only liable on an accounting to six per cent. interest." The obligations to pay dues and premiums on stock, and interest on the loan are separable obligations.—*Interstate B. & L. Asso. v. Brown*, 128 Ala. 462; *Barrett v. C. B. & L. Asso.*, 130 Ala. 294.

3. The 15th section was: "Complainant alleges, that the agent of said respondent with whom and through whom he obtained said loan, before said bond and mortgage were executed, falsely and fraudulently represented to the complainant that the calculation had been made showing that the stock of said association which was offered to complainant, and for which he subscribed, would mature in not more than six years, and by complainant making monthly payments of dues, interest and premiums for the period of six years his stock would mature and his loan thereby become liquidated and cancelled, and by such representtions prevented complainant from making any calculation to

ascertain whether the same was true, and relying upon such false and fraudulent representations complainant did not make any calculations, but was induced by said representations to enter into said contract and execute said bond and mortgage, and although complainant has paid his premiums, interest and dues for more than six years, said stock has not matured, nor his loan cancelled by said association."

It will be observed, that these alleged representations were no more than an expression of opinion as to what would occur six years in the future, and not of existing facts,—an opinion as to the time when the stock would mature, a matter based on calculation, open to the complainant to make as well as to the agent. It is not averred that the agent knew the representations were false and made with the dishonest intention of misleading and deceiving the complainant, and that they had such effect. "They must have been made falsely and fraudulently and with the intent to deceive. Less than intentional deception in such conditions will not answer," even if such representations made by the agent without the knowledge of the company, could subject it to responsibility to damages caused thereby. *B. W. & E. Co. v. Elyton L. Co.*, 93 Ala. 549, 553; *Bradfield v. Elyton L. Co.*, 93 Ala. 527; *M. S. R. Co. v. Matthews*, 77 Ala. 357; *Lake v. Security L. Asso.*, 72 Ala. 307; *Cooke v. Cook*, 100 Ala. 175; *Tubb v. L. L. & G. Ins. Co.*, 106 Ala. 651, 658; *Stephens v. Ala. S. L. Co.*, 121 Ala. 450; *Johnson v. N. B. & L. Asso.*, 126 Ala. 672; Thompson on B. & L. Asso., p. 177, § 95.

4. The 16th and 18th sections of amended bill, set up in substance, that the contract was usurious, because it required the payment of another sum of $21 per month in the way of premium on said loan, in addition to the 6 per cent. per annum stipulated to be paid on the loan. We need not consider these averments further than to say, they are without merit, as we have heretofore had occasion to hold. There was no error in sustaining the demurrers to them.—*Interstate B. & L. Asso. v. Brown*, 128 Ala. 462.

5. The 17th section, setting up that the statute authorizing building and loan associations to charge more than 8 per cent. *per annum*, is violative of the constitution of the State, is void, is without application to the case. This averment is sought to be based on section 23, Art. IV of the constitution, which prohibits a local law from being enacted for the benefit of individuals or corporations, or the suspension of any general law for the benefit of any individual, association or corporation. To dispose of this section of the bill, it need only be said, that the statute under which the loan was made did not authorize the company to charge more than 8 per cent *per annum* on the loan, (Code of 1886, §§ 1553, 1556); and that the contract did not provide for more than 8 per cent. interest, but for 6 per cent. only. It may be added, that our statutes on the subject of building and loan associations, apply to such organizations as a class, and do not bestow any special benefit upon any individual or corporation, or suspend any general law of the State for such purpose.

6. The defendant had demurred to the amended bill, and to its different sections, and the demurrers were respectively sustained. A motion had also been made to strike the amended bill. The court after sustaining these demurrers, also granted the motion to strike the amended bill from the file. It was unnecessary to have granted this motion, since the ruling sustaining the demurrers disposed of the amended bill, leaving nothing on which the motion to strike could operate. Demurrer was the proper form to question the sufficiency of the amendments, and not a motion to strike.—*Brooks v. Continental Ins. Co.*, 125 Ala. 615. Under the conditions prevailing, we discover no injury to complainant from the granting of said motion.

Let the decree be affirmed.