[Motes v. People's Building & Loan Association.]

# Motes v. People's Building & Loan Association.

*Bill in Equity to enjoin Foreclosure of Mortgage by Building and Loan Association.*

1. *Negotiation of loan; when borrower not entitled to credit for amount of improvements on property mortgaged.*—The fact that in a negotiation for a loan the borrower is required as a condition to obtaining the money, to expend a part of the loan in improvements on the property mortgaged to secure the loan, and in accordance with such requirements did make such improvements, does not furnish any grounds for the borrower claiming that such expenditure in the improvements was for the benefit of the lender, and that to the extent of the money so applied in improving the property he was the trustee of the lender and should not be charged with that amount as a loan to him.

2. *Bill to enjoin foreclosure of mortgage; equity thereof.*—Where a bill is filed by a borrower to enjoin the foreclosure of a mortgage given to secure a loan made to him, the averment that default in the payment of the mortgage debt was caused by the respondent's wrong, without the statement of any facts showing what constituted the alleged wrong, is the bare assertion of conclusions on the part of the complainant and furnishes no ground for equitable interposition.

3. *Bill to enjoin foreclosure of mortgage by building and loan association; when usury not shown by averments.*—Where a borrower from a building and loan association files a bill to enjoin the foreclosure by the association of a mortgage given to secure a loan, the bare assertion that more than 8 *per cent.* interest *per annum* was charged on the loan is not sufficient to show usury, when the contract of loan set out in the bill shows that the rate of interest was fixed at six *per cent. per annum* and the monthly installments required to be paid by the borrower included interest at 6 *per cent.* and the monthly dues on the complainant's stock as required by the by-laws of the corporation, and the bill fails

24c

[Motes v. People's Building & Loan Association.]

to show any failure on the part of the association to comply with its by-laws and rules or a violation by the association of any statute in making the loan.

4. *Same; same.*—In such a bill, the averment that the defendant falsely represented that the stock for which the complainant subscribed would mature in not more than six years, and that by making monthly payments of premiums, dues and interest for six years the stock would mature and the loan be cancelled, that complainants relied upon these false and fraudulent representations and were thereby induced to execute the bond and mortgage, and that though he has paid the premiums, interest and dues for six years, his stock has not matured, nor has his loan been cancelled, do not give equity; such averments being the allegations of the mere expression of opinion on matters equally open to observation and inquiry by both parties.

5. *Same; same.*— On a bill filed by the borrower from a building and loan association to enjoin the foreclosure of a mortgage given to secure a loan, the averment that the respondent had gone out of business as a building and loan association and was doing nothing more to mature the complainant's stock, furnishes no defense against the payment of the loan which had been made to the complainant, and is insufficient to give the bill equity.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. W. L. PARKS.

The bill in this case was filed by the appellant, J. R. Motes, against the appellee, the People's Building & Loan Association of Troy, Alabama. It was averred in the bill as amended that the complainant had executed to the defendant two several mortgages upon a certain house and lot in the city of Troy; that the first of said mortgages purported to be security for the payment of $600 and interest, and the 2d of said mortgages purported to secure the payment of a loan of $150; the two several sums being evidenced by complainant's respective promissory notes; "that of the said pretended loan of six hundred dollars purported to be secured by said first mortgage deed, your orator received of the People's Building & Loan Association, the said corporation, in trust for the use and behoof of the said association the sum of three hundred dollars, to be ex-

pended and applied according to the order of said corporation, and which was so expended and applied by your orator as by the terms of said trust he was bound to do; and that your orator has never had or received of the People's Building & Loan Association, the said corporation, or from any other person on its account more than three hundred dollars of said first pretended loan to his own use and behoof, nor the full beneficial interest in more of said pretended loan, and the said sum in trust than of the said sum of three hundred dollars;" that the said second pretended loan represented by the second note and mortgage was given to secure a pretended payment of pretended arrearages by complainant in his monthly payments on the first loan, which arrearages were enforced against the complainant by the defendant against his protest and in peril of foreclosure of the first mortgage; that at the time of the execution and delivery of said second mortgage and note, the defendant corporation under the stress of said first mortgage enforced unjust demands against the complainant, and the whole amount of said pretended loan of $600 was in payment of arrearages and fines which several amounts should in good conscience, be allowed as credits to complainant; that by virtue of a contract entered into on the execution of the first mortgage, the defendant corporation "has exacted and under stress of said mortgage it has enforced, unjust, usurious and ruinous demands against" complainant in the form of premiums and fines; that complainant has paid to the defendant corporation in 56 monthly installments the sum of $699.29, besides the fee for abstract of title and recording; that of said sum defendant has placed only $231 to the credit of the first mortgage and appropriated the residue to itself "as profits on said first pretended loan;" that the defendant corporation has gone out of business; is winding up its affairs and refuses further to carry out the purposes of its organization; that by reason of representations made by the respondent to him, and the fact that by taking stock in the defendant corporation and complying with certain requirements, said corporation would loan to the complainant money, the complainant was induced

to subscribe for the stock as a necessary pretended step to securing said loan, which was needed by complainant in its business; that in stating negotiations for the loan the parties thereto had in contemplation the loan of $1,000 which the defendant knew the complainant desired to use in his business; that the complainant was informed by the respondent that for him to procure said loan he would have to subscribe for 20 shares of stock as the first step thereto; that the complainant thereupon subscribed for 20 shares of stock, and arranged his business in anticipation of securing from the defendant the loan of $1,000; that the respondent also represented to the complainant that the stock would mature in six years, and that by making monthly payment of premiums, dues and interest for six years the loan could be cancelled, that the application for said loan was made by the complainant when there was pressing need for such an amount by the complainant in his business; that the respondent took advantage of complainant's necessities and refused to make said loan of $1,000, but offered to loan $600 provided that complainant would expend $300 of said sum on the house and lot; that the complainant was obliged to have the money, and, therefore, compelled to negotiate and obtained the loan of $600, less charges for abstract of title and recording of mortgage, and of said sum applied $300 to the improvement of the house and lot which was to the use and benefit of respondent; that complainant was not in default of the payments on said contract, and "his supposed arrearages were due to the wrongs of respondent of which it is still trying to avail itself to the injury of complainant;" that defendant is utterly without power to mature the complainant's stock at any reasonable time and refuses further to try to mature said stock as said corporation had undertaken and obligated itself to do; "that said contract provides for more than 8 per cent. for the said pretended loan of six hundred dollars in that it provides for three dollars per month interest to be paid month after month and year after year even to the maturity of said stock when according to the terms of said

contract said pretended loan would be fully paid and satisfied—the same fixed unchanging sum of three dollars per month as interest on each and every monthly balance regardless of the amount of such balance."

It was further averred in the amended bill that the respondent had advertised the sale of·said house and lot under the power of sale contained in said mortgage, and that unless restrained by an order of the court, irreparable injury will be done ·complainant.

· The prayer of the bill was that the respondent corporation be enjoined from foreclosing each of said mortgages, and that the same be delivered up and cancelled. The notes and mortgages were attached as exhibits to the bill.

The respondent demurred to the bill and moved to dismiss it for the want of equity.

On the submission of the cause on the demurrers and motion the chancellor decreed that the motion to dismiss for the want of equity should be sustained and ordered the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

J. R. MOTES, for appellant, cited Bishop on Contracts, §§ 76, 78; Clark on Contracts, pp. 664, 670; 7 Ency. of Law, 120, note 3; 4 Amer. & Eng. Ency. of Law, (2d ed.), 702.

HARMON, DENT & WEIL, *contra,* cited *Interstate B. & L. Asso. v. Brown,* 128 Ala. 462; *Byer v. National B. & L. Asso.,* 131 Ala. 369.

DOWDELL, J.—The bill in this case is one by a borrowing stockholder from a building and loan association, of which he was a member, and seeks to enjoin the foreclosure proceedings by the association under the mortgage, which was given to secure the loan. The bill as amended admits that the complainant obtained the loan and received the amount evidenced by the mortgage contract, except a small fee for recording and abstract of title, that was deducted from the amount of

the loan. And it is not denied, but that it was his duty to pay this fee. The complainant alleges in his bill that he was required by the association to expend three hundred dollars of the loan obtained, in improvements on the property which he mortgaged to the association to secure the loan, and on this averment insists, that such expenditure was for the benefit of the association, and not for his benefit, and that to the extent of the three hundred dollars so applied in improving the property, he was the trustee of the association, and should not be charged with that amount as a loan to him. This contention is without merit. It is further complained in the amended bill, that in the negotiations for the loan, the association promised to loan one thousand dollars, but when it came to make the loan, would only loan six hundred dollars. This latter amount the complainant received, and executed his note and mortgage for, the payment of which he now seeks to avoid. The bill admits the complainant's default, but seeks to excuse it, by saying that it was caused by respondent's wrong. This is a bare assertion in the bill, without a single statement of fact, to show in what the wrong consisted, or how or in what way the respondent caused it. Such averment amounts to no charge at all.

The bill as amended alleges that more than 8 *per centum* interest *per annum* was charged on the loan, yet the contract of loan set out in the bill shows on its face, that the rate of interest was fixed at 6 *per centum per annum*. The monthly installments which included the interest, also included the monthly dues on the complainant's stock, which the contract required to be paid. The stock contract and loan contract are separate and distinct. The premiums and monthly dues on the stock are not to be confused with the interest on the loan. The bill fails to show any failure on the part of the association to comply with its by-laws and rules, or to show a violation of any statute, in making the loan. Upon the question of usury, the case of *Interstate B. & L. Association v. Brown*, 128 Ala. 462, is conclusive of this case.

As to the allegations in the bill respecting represen-

tations made to the complaint, as to when his stock would mature, the case of *Boyer v. National B. & L. Association*, 131 Ala. 369, is conclusive on this question and adverse to the complainant.

After the complainant has defaulted in his contract as a stockholder and member in the association, the association is no longer under any duty to mature his stock. As to the suggestion that the respondent has gone out of business as a building and loan association, this furnishes no defense against the payment of the loan made to the complainant. The bill, we think, is wholly wanting in equity, and the decree of the chancellor dismissing the same, will be affirmed.

Affirmed.